# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WILLARD BAYS, individually and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation, WAL-MART STORES EAST, L.P., a Delaware corporation, and NEC NETWORKS, LLC, a Texas corporation,<br><br>                                    Defendants. | Case No.: _3:21-cv-00460_____<br><br>(Mason County Circuit Court CIVIL ACTION NO. CC-26-2021-C-49)<br><br>**DEFENDANTS WALMART INC. AND WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL** |

## <u>NOTICE OF REMOVAL</u>

Defendants Walmart Inc. and Wal-Mart Stores East, LP (collectively, the "Walmart Defendants") hereby remove the above-captioned action, *Willard Bays v. Walmart Inc., Wal-Mart Stores East, L.P., and NEC Networks, LLC*, Civil Action No. CC-26-2021-C-49 (the "State Court Action"), from the Circuit Court of Mason County, West Virginia, to the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. The Walmart Defendants hereby provide "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

1.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* Pub. L. No. 109–2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715). In relevant part, CAFA grants district courts original jurisdiction over civil

class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets all of CAFA's requirements for original jurisdiction and removal.

2.       As set forth below, this case is timely and properly removed by the filing of this Notice of Removal.  Under CAFA, a class action "may be removed by any defendant without the consent of all defendants."  28 U.S.C. § 1453(b); *Jackson v. Home Depot U.S.A., Inc.*, 880 F.3d 165, 168 (4th Cir. 2018), *aff'd*, 139 S. Ct. 1743 (2019) (explaining that CAFA "eliminates the rule requiring unanimous consent of all defendants for removal").

## VENUE

3.       The State Court Action was filed in Mason County, West Virginia.  Therefore, venue properly lies in the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 129(b) and 1391(a).

## PLEADINGS, PROCESS, AND ORDERS

4.       On July 19, 2021, Plaintiff served the Complaint ("Complaint" or "Compl.") on the Walmart Defendants.  In accordance with 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint in the State Court Action, which is the only process, pleadings, and orders served upon the Walmart Defendants in the State Court Action, are attached as **Exhibit A**. A copy of the docket in the State Court Action is attached as **Exhibit B**.  Copies of all process, pleadings, and orders filed in the State Court Action are attached together as **Exhibit C**.

5.       According to the allegations in the Complaint, Plaintiff and the putative class he purports to represent are patients of Defendants whose "sensitive information in the possession of

Defendants was compromised as a result of a security breach which occurred on or around February 6, 2021" (the "Data Breach"). Compl. ¶ 20. Defendant NEC Networks, LLC notified Plaintiff of the Data Breach through a medical data breach notice (the "Breach Notice"). *See id.* ¶ 16.

6.      Plaintiff served the Walmart Defendants with the Summons and Complaint on July 19, 2021.

7.      The Complaint alleges five counts for: (1) breach of the duty of confidentiality; (2) unjust enrichment; (3) breach of contract; (4) negligence; and (5) invasion of privacy. *See* Compl. ¶¶ 23-62.

## SERVICE ON THE STATE COURT

8.      Pursuant to 28 U.S.C. § 1446(d), promptly after the filing of this Notice of Removal in the United States District Court for the Southern District of West Virginia, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Circuit Court of Mason County, West Virginia.

## TIMELINESS OF REMOVAL

9.      The Walmart Defendants were served with a copy of Plaintiff's Summons and Complaint on July 19, 2021. This Notice of Removal has been filed within thirty (30) days after the Walmart Defendants were served with a copy of Plaintiff's Summons and Complaint. This Notice of Removal is therefore timely as it is filed within the time period provided by 28 U.S.C. § 1446(b).

## ORIGINAL JURISDICTION PURSUANT TO CAFA

10.     This putative class action is within the Court's original jurisdiction pursuant to CAFA.

11.     The Supreme Court has instructed that "no antiremoval presumption attends cases invoking CAFA . . . ." *Dart Cherokee Basin Operating Co.*, 547 U.S. at 89.  Rather, courts "are obliged to construe and apply CAFA's grant of federal court jurisdiction broadly . . . ." *Dominion Energy, Inc. v. City of Warren Police & Fire Ret. Sys.*, 928 F.3d 325, 336 (4th Cir. 2019); *Jackson*, 880 F.3d at 168 (explaining that "CAFA, and in particular 28 U.S.C. § 1453(b), was adopted to extend removal authority beyond the traditional rules"); *Cox v. Air Methods Corp.*, Case No. 1:17-04610, 2018 WL 2437056, at *2 (S.D.W. Va. May 30, 2018) (explaining that there is no antiremoval presumption under CAFA and that a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

12.     This Court has jurisdiction over this action under CAFA (*see* 28 U.S.C. § 1332(d)), and this action may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil putative class action wherein:  (1) the proposed class contains at least 100 members in the aggregate; (2) there is minimal diversity; (3) no defendant is a state, state official, or other governmental entity; (4) the total amount in controversy for all class members exceeds $5 million, exclusive of interest and costs; and (5) none of the exceptions to CAFA jurisdiction applies.  CAFA authorizes removal of such actions.  *See* 28 U.S.C. §§ 1441, 1446, 1453.  As discussed below, this action meets each CAFA requirement for removal.

### The Proposed Class Contains At Least 100 Members.

13.     Plaintiff's proposed class consists of "[a]ll persons whose sensitive information in the possession of Defendants was compromised as a result of a security breach which occurred on or around February 6, 2021." Compl. ¶ 20.

14.     Plaintiff initiated this class action lawsuit after he received the Breach Notice, which according to Plaintiff "describe[ed] activity wherein third parties unlawfully accessed Plaintiff's sensitive medical and personal identity information . . . ." *Id.* ¶ 16.  It is the unauthorized access of Plaintiff's information described in the Breach Notice that gives rise to Plaintiff's claims and which forms the basis for Plaintiff's membership in the proposed class he seeks to represent.

15.     More than 25,000 individuals were sent the Breach Notice and are therefore members of the proposed class.  As a result, the proposed class contains at least 100 members, and this element of CAFA jurisdiction is satisfied.

### Minimal Diversity Exists.

16.     CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state different from any defendant.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).  Plaintiff alleges that at all times relevant to the suit he resided in Mason County, West Virginia.  *See* Compl. ¶ 1.  Accordingly, Plaintiff is a citizen of West Virginia.

17.     Defendant Walmart Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bentonville, Arkansas.  Thus, Defendant Walmart Inc. is a citizen of Delaware and Arkansas.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

18.     Defendant Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of the State of Delaware.  For diversity purposes, a limited partnership's citizenship is deemed to be that of "all of its limited and general partners."  *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 633 (4th Cir. 2005) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).  WSE Management, LLC is the general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP.  (There are no other partners of Wal-Mart Stores East, LP.)  "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ."  *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company.  The sole member of Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.) is Walmart Inc.  As stated above, Walmart Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bentonville, Arkansas, and is, therefore, a citizen of Delaware and Arkansas. Accordingly, Walmart Stores East, LP, is a citizen of Delaware and Arkansas for purposes of diversity jurisdiction. *See id.*

19.     Plaintiff alleges that Defendant NEC Networks, LLC is a Texas LLC, and there are no allegations that it is a citizen of West Virginia. *See* Compl. ¶ 4.

20.     Because at least one member of the putative class, namely Plaintiff, is a citizen of West Virginia, and both of the Walmart Defendants (i.e., Walmart Inc. and Wal-Mart Stores East, LP) are citizens of Delaware and Arkansas, CAFA's minimal diversity requirement is met.

### *No Defendant Is a Governmental Entity.*

21.     None of the Defendants is a state, state official, or other governmental entity.  All Defendants are for-profit companies.

### *The Amount in Controversy Exceeds $5,000,000, Exclusive of Interest and Costs.*

22.     To meet CAFA's amount-in-controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" of five million dollars.  *Scott v. Cricket Communications, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (quoting *Dart Cherokee Basin Operating Co.*, 547 U.S. at 89).  "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation."  *Scott*, 865 F.3d at 196 (internal quotation marks omitted).  In other words, "the amount in controversy is what the plaintiff claims to be entitled to or demands."  *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D.W. Va. 2011).

23.     On removal, a defendant is not required to establish the amount in controversy "to a legal certainty."  *Sayre v. Westlake Services, LLC*, No. ELH-15-687, 2015 WL 4716207, at *7-8 (D. Md. Aug. 7, 2015) (internal quotation marks omitted).  Rather, the defendant need only provide a "reasonable basis to support its assertion as to the amount in controversy . . . ."  *Id.*  "Thus, a defendant may estimate the amount in controversy based on the nature of the claims, the number of defendants, and the damages plead."  *Chamberlain v. 7-Eleven, Inc.*, No. 5:15CV95, 2015 WL 6555429, at *3 (N.D.W. Va. Oct. 29, 2015).

24.     Although the Walmart Defendants concede no liability on Plaintiff's claims and dispute that a class action could ever be certified here, assuming Plaintiff's allegations to be true

for purposes of removal only, Plaintiff's class claims place in controversy a sum greater than $5,000,000, exclusive of interest and costs.

25.     The Complaint seeks "an order providing consumer credit protection and monitoring services for Plaintiff [and] maintenance of consumer credit insurance to provide coverage for unauthorized use of Plaintiff's personal information, medical information, and financial information." Compl. at Prayer for Relief ¶ C. The advertised monthly rates of credit monitoring services and insurance provided by the three national credit-reporting bureaus can be used to approximate the cost to Defendants of providing the relief that Plaintiff requests. As of August 2021, the cost to purchase credit monitoring services of the type requested by the Complaint from those credit-reporting agencies ranges from $9.95 to $19.95 per month at Equifax (*see* Exhibit D), $24.95 per month at TransUnion (*see* Exhibit E), and from $9.99 to $29.99 per month at Experian (*see* Exhibit F). The lowest price for credit monitoring services for these three national credit reporting bureaus is $9.95 per month.

26.     In addition, the Complaint seeks "[m]onetary damages in a sufficient amount to provide, to the furthest extent possible, adequate credit and identity protection and monitoring for an extended period of years." Compl. at Prayer for Relief ¶ D. That is, Plaintiff seeks to recover in the form of "monetary damages" the cost of providing these services to the putative class for at least two years. At least one federal district court has concluded that, for purposes of determining the amount in controversy in a case alleging the theft of personal information, it is "not unreasonable" to use "three years [of credit monitoring] as a conservative estimate [to calculate the amount in controversy]." *Porras v. Sprouts Farmers Mkt., LLC*, No. EDCV 16-1005 JGB (KKx), 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016).

27.    As noted above, there are at least 25,000 individuals in the putative class (see Paragraphs 13-15).   Using the minimum number of putative class members (25,000), and multiplying that number times the lowest advertised monthly rate for credit monitoring services ($9.95) for a two year period, places the amount in controversy at $5,970,000, exclusive of interest and costs, which is well above CAFA's $5 million threshold.[1]   Since these are services Plaintiff claims to be entitled to, this amount is properly included in the amount in controversy when assessing whether CAFA's jurisdictional requirements are satisfied.

28.    Plaintiff also seeks "compensatory and/or punitive damages . . . which will fairly and adequately compensate Plaintiff and others similarly situated for the . . . damages and injuries." Compl. at Prayer for Relief ¶ E.  These requests increase the amount in controversy even further.

29.    Plaintiff also seeks damages to compensate for the alleged "permanent lack of security and loss of privacy that they have experienced to date and will continue to suffer in the future."  Compl. at Prayer for Relief ¶ G.  These requests increase the amount in controversy even further.

30.    Finally, the Complaint also seeks relief that would require the Walmart Defendants to "establish a specific device encryption security program to protect against the unauthorized disclosure of confidential information of its patients."   Compl. at Prayer for Relief ¶ C.  The Walmart Defendants deny that their data security practices are deficient in any respect. Nevertheless, the cost of complying with Plaintiff's demands in the Complaint must be included in the amount in controversy and is further evidence that CAFA's jurisdictional threshold is satisfied.  *See JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010); *Ferrell*, 826 F. Supp.

---

[1]  Specifically, [25,000 putative class members] x [$9.95/month for credit monitoring services] x [24 months] = $5,970,000.

9

2d at 967; *Arthur v. Homesite Ins. Co.*, No. 2:16-cv-00150, 2016 WL 1717222, at *2 (S.D.W. Va. Apr. 28, 2016).

31.     The Walmart Defendants deny that they have any liability to Plaintiff or to the putative class that he seeks to represent and deny that Plaintiff or the putative class members are entitled to recover any damages, fees, or the other relief requested in the Complaint.  The Walmart Defendants also submit that this action does not satisfy the requirements for class certification under Fed. R. Civ. P. 23.   Nevertheless, the Complaint places over $5 million in controversy exclusive of interest and costs for the reasons set forth above.

### The Exceptions to CAFA Do Not Apply

32.     None of the exceptions to CAFA jurisdiction applies here.   *See* 28 U.S.C. §§ 1332(d)(3)-(4).   In any event, the burden to prove the applicability of an exception to jurisdiction under CAFA rests with the party opposing removal.   *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003) (finding that once a defendant establishes removal is proper, "the burden is on a plaintiff to find an express exception").   Accordingly, it is not the Walmart Defendants' burden to demonstrate that any exception to CAFA does not apply.

33.     Accordingly, this Court has original subject matter jurisdiction pursuant to CAFA.

34.     The Walmart Defendants hereby reserve the right to amend this Notice of Removal.

WHEREFORE, the Walmart Defendants remove this action from the Circuit Court of Mason County, West Virginia, to this Court.

Respectfully submitted this 17th day of August, 2021.

WALMART INC. and WAL-MART STORES
EAST, LP

*/s/ Neva G. Lusk*
Neva G. Lusk (WV State Bar #2274)
Tai Shadrick Kluemper (WV State Bar #12261)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East (25301)
Post Office Box 273
Charleston, WV 25321-0273
Telephone: (304) 340-3866
Email: nlusk@spilmanlaw.com
Email: tkluemper@spilmanlaw.com

*Counsel for Walmart Inc. and Wal-Mart*
*Stores East, LP*

## CERTIFICATE OF SERVICE

I certify that on August 17, 2021, I electronically filed the foregoing document with the

Clerk of the Court using CM/ECF and further certify that the foregoing is also being served via

First Class United States Mail, postage pre-paid, addressed as follows:

William M. Tiano, Esquire (#4308)
Tony L. Odell, Esquire (#5770)
Cheryl A. Fisher, Esquire (#6379)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV 25339
(304) 720-6700
Email: wtiano@tolawfirm.com


By:    */s/ Neva G. Lusk*
Neva G. Lusk (WV Bar #2274)