# EXHIBIT A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 1469 20

**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
888-767-8683
**Visit us online:**
www.wvsos.com

WALMART INC.
C. T. Corporation System
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313

**Control Number:** 277330

**Defendant:** WALMART INC.
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313 US

**Agent:** C. T. Corporation System

**County:** Mason

**Civil Action:** 21-C-49

**Certified Number:** 92148901125134100003146920

**Service Date:** 7/19/2021

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in the name and on behalf of your corporation as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS

E-FILED | 7/15/2021 11:25 AM
CC-26-2021-C-49
Mason County Circuit Clerk
Elizabeth Jones

## IN THE CIRCUIT OF MASON WEST VIRGINIA
### Willard Bays v. Walmart Inc.

Service Type:    Plaintiff - Secretary of State

NOTICE TO:   Walmart Inc., CT Corporation, 5098 Washington St., West, Suite 407, Charleston, WV 25313
THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR
RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR
DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR
HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

William Tiano, PO Box 11830, Charleston, WV 25339

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT
BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| 7/15/2021 11:25:06 AM | /s/ Elizabeth Jones |
| --- | --- |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

| _____ | _____ |
| --- | --- |
| Date | Server's Signature |

E-FILED | 7/15/2021 11:25 AM
CC-26-2021-C-49
Mason County Circuit Clerk
Elizabeth Jones

## IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA

**WILLARD BAYS,**
**individually and on behalf of all**
**others similarly situated,**

      **Plaintiff,**

v.

**WALMART INC., a Delaware**
**corporation, WAL-MART STORES**
**EAST, LP, a Delaware corporation,**
**and NEC NETWORKS, LLC,**
**a Texas corporation,**

      **Defendants.**

**CIVIL ACTION NO. _____**

**Judge _____**

## **COMPLAINT**

COMES NOW the Plaintiff, Willard Bays, by counsel, Tiano O'Dell, PLLC, and

brings this action against Defendants, Walmart Inc., and NEC Networks, LLC, to obtain class

action relief, damages, restitution, and equitable relief for himself and others similarly situated.

    1.     Plaintiff, Willard Bays, is an individual who at all times relevant herein resided in

Mason County, West Virginia

    2.     Defendant, Walmart Inc., is a Delaware corporation with its headquarters in

Bentonville, Arkansas, and it provides healthcare services to West Virginia residents.  This entity

owned and operated pharmacies located in West Virginia at all times as alleged herein, and does

business in Mason County, West Virginia, at all times as alleged herein.

3.      Defendant, Wal-Mart Stores East, LP, is a limited partnership with its headquarters in Bentonville, Arkansas, and it provides healthcare services to West Virginia residents.  This entity owned and operated pharmacies located in West Virginia at all times as alleged herein.  Upon information and belief, Wal-Mart Stores East, LP, is comprised of several layers of business entities of Walmart, Inc.  This Defendant does business in Mason County, West Virginia, at all times as alleged herein.

4.      Defendant, NEC Networks, LLC, is a corporation organized and existing under the laws of the State of Texas and doing business in the State of West Virginia at all times as alleged herein.  This entity does business as CaptureRx at all relevant times.  CaptureRx, along with Walmart Inc., was entrusted with Plaintiff's sensitive personal information.[1]

5.      Plaintiff is a patient and customer of the Defendants.  Defendants collect and maintain possession, custody, and control of a wide variety of Plaintiff's medical, financial, and sensitive information in the regular course of business.

6.      Defendants had a legal and fiduciary obligation to protect Plaintiff's sensitive information as a condition of their relationship with Plaintiff and right to conduct business.

7.      The obligation to protect Plaintiff's sensitive information was included as a material term, with value, in the services provided by the Defendants and was considered a benefit of the bargain for which Defendants and the Plaintiff exchanged consideration.  Upon information and belief, a portion of the consideration accepted by the Defendants was done so upon condition of and in recognition of Defendants' obligation to protect and secure sensitive information and ensuring legal compliance.  This allocation was made for the purpose of offering

---

[1] Sensitive information includes full name, Social Security Number, date of birth, home address, account number, insurance information, extremely sensitive medical diagnoses and treatment records, private treatment information, diagnosis codes, and other legally protected information.

patients and customers, such as Plaintiff, value added to the services provided by agreeing to protect Sensitive Information.

8.      Defendants failed to take reasonable and adequate actions to protect Plaintiff's sensitive information from reasonably foreseeable invasion of privacy risks.

9.      Defendants stored Plaintiff's sensitive information in an electronic location and format that was not reasonably protected, guarded, secured, and/or was otherwise unreasonably accessible in an unprotected electronic and/or physical location. Defendants also failed to sufficiently invest in privacy protection safeguards, failed to properly train, audit, test, and supervise employees to safeguard devices and systems containing Plaintiff's Sensitive Information. Further Defendants failed to reasonably audit, monitor, and maintain the security of its software, systems, and access to Plaintiff's Sensitive Information.

10.      Defendant did not adequately protect Plaintiff's Sensitive Information, and Plaintiff's financial, insurance, health information, and physician-patient confidential relationship has been breached.

11.      Defendant did not provide adequate security measures or appropriate employee supervision to protect Plaintiff's Sensitive Information.

12.      Plaintiff's personal and sensitive information was viewed by individuals who did not have a business need to access the information. While Plaintiff's sensitive information was accessed on or about February 6, 2021, Plaintiff did not receive notice of the breach until nearly three months later.

13.      Defendants failed to take reasonable actions to timely disclose and provide notice of the breach to Plaintiff. Defendants placed its own interests and needs before Plaintiff's interests in responding to and investigating the breach.

3

14.     Defendants designed and implemented their policies and procedures regarding the security of protected health information and Sensitive Information. These policies and procedures failed to adhere to reasonable and best industry practices in safeguarding protected health information and other Sensitive Information.  Further, Defendants failed to have proper security on computer servers or other storage devices or software to protect the Plaintiff's Sensitive Information.

15.     Willard Bays' most intimate, private, and severely personal medical records were breached due to the Defendant's above described failures and Plaintiff has suffered significant loss, injury and damages.

16.     On or about May 5, 2021, Defendant, NEC Networks, LLC, sent a medical data breach notice to Plaintiff describing activity wherein third parties unlawfully accessed Plaintiff's sensitive medical and personal identity information without a business need and which resulted in Plaintiff's personal sensitive information being unlawfully exposed to third party or parties. Defendant, Walmart Inc., owes a duty to the Plaintiffs to safeguard this information and upon information and belief contracted with the Defendant NEC Networks, LLC d/b/a CaptureRx for electronic medical record provider services and storage.

17.     CaptureRx failed to reasonably monitor its employees' conduct and failed to reasonably monitor systems to safeguard Plaintiff's personal sensitive information entrusted to it for protection.

18.     As a result of Defendants' failure to follow contractually agreed upon, legally required, industry-standard security procedures, Plaintiff received only diminished value of the services which the Defendants provided.  Plaintiff contracted for services that included a guarantee by Defendants to safeguard his personal and Sensitive Information.  Instead, Plaintiff

4

received services devoid of these very important protections.  Accordingly, the Plaintiff seeks

claims for breach of contract, breach of implied contract, unjust enrichment, negligence, invasion

of privacy, and breach of confidentiality, and violation of the West Virginia Consumer and

Protection Credit Act.

19.     The Plaintiff, Willard Bays, brings this suit on behalf of himself and all other

persons who were similarly situated related to a breach of security and disclosure of sensitive

information to unauthorized third parties by Defendants.

20.     The Plaintiff brings this action and further seeks certification on behalf of himself

and the putative class members she seeks to represent under West Virginia Rule of Civil

Procedure, Rule 23(b)(3), the class is defined as follows:

> **All persons whose sensitive information in the possession of Defendants was
> compromised as a result of a security breach which occurred on or around
> February 6, 2021.**

21.     This action is properly brought as a class action for the following reasons:

a.      The class is numerous and includes a significant number of patients living

in and around West Virginia.  Joining each class member as a co-plaintiff would be unreasonable

and impracticable.

b.      There are common questions of law and of fact to the members of the

class that predominate over any individual questions affecting individual class members.  The

theories of liability and questions of Defendants' wrongful conduct related to the security breach

apply to all class members.  Plaintiff requests common theories of liability against the

Defendants which are common to the class as a whole and do not turn on any particular aspect of

an individual class member's situation. Defendants acted in a manner that affected all putative class members similarly.

      c.      The claims asserted by Plaintiff are typical of the members of the class.

      d.      The Plaintiff will fairly and adequately protect the interests of the members of the class. The interests of the members of the class are coincident with and not antagonistic to Plaintiff. Further, Plaintiff is represented by experienced class action counsel with adequate resources to prosecute the case.

      e.      This class action is an appropriate method of the fair and efficient adjudication of this controversy because:

      i.      There is no special interest by class members in individually controlling the prosecution of separate actions;

      ii.      When Defendants' liability has been adjudicated, claims of all class members can be administered efficiently under the direction of/or as determined by the Court;

      iii.      This action will promote an orderly and expeditious administration and adjudication of the class claims, economies of time, effort, and resources will be fostered, and uniformity of decisions will be insured;

      iv.      Without a class action, Plaintiff and the class will suffer damages and Defendants' violations of law will proceed without remedy while Defendants reap and retain the substantial proceeds of its misleading and wrongful conduct; and

      v.      There will be no insurmountable difficulty in the management of this lawsuit as a class action.

vi.    The conduct of this action conserves the resources of the parties

and the court system, protects the rights of each member of the class, and

meets all due process requirements.

vii.    Certification of the class with respect to particular common factual

and legal issues concerning liability, as well as the necessary and

appropriate quantum of punitive damages, or ratio of punitive damages to

actual harm, is appropriate under West Virginia Rule of Civil Procedure

23(c)(4).

viii.    The particular common issues of liability, damages, and the

quantum of punitive damages or ratio of punitive damages to actual harm,

are common to all Class Members.

22.    The liability arising from Defendants' conduct may be tried on a class-wide basis,

as the trial will focus upon only common questions applicable to the entire class.

## COUNT I

## BREACH OF THE DUTY OF CONFIDENTIALITY

23.    Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is

fully set out herein.

24.    Defendants owed the Plaintiff a duty of confidentiality pursuant to the terms

of its legal and fiduciary relationship with Plaintiff as a health care provider and entity

storing and maintaining health care and private sensitive information.

25.    Included in this duty owed by Defendants is one of undivided secrecy and

loyalty to Plaintiff as a patient and protector of health care information. This duty is

critical to encourage the free exchange of information between patients and their

7

healthcare providers.

26.    The minimum standard of care imposed on Defendants in maintaining the confidentiality of Plaintiff's sensitive information is expressed in multiple statutes, regulations, and judicial decisions of the State of West Virginia.

27.    The Defendants breached its duty to the Plaintiff through the unauthorized disclosure, breach, and/or publication of personal and private information, and thus violated the Plaintiff's right to have this information kept confidential.

28.    Such a violation breaches the trust that represents the core of the fiduciary relationship between Plaintiff as a patient and Defendants as healthcare provider, and entity storing and maintaining health care information.

29.    As a direct and proximate result of Defendants' breach of the duty of confidentiality, Plaintiff and all others similarly situated have suffered damages and breach of the confidential physician-patient relationship.

30.    Defendants' actions were committed willfully, wantonly, and with reckless indifference to the rights of others, including Plaintiff and all others similarly situated.

31.    As a direct and proximate result of Defendants' willful, wanton, and reckless conduct, Plaintiff and all others similarly situated are entitled to compensatory and punitive damages and hereby demand the same.

## COUNT II

### UNJUST ENRICHMENT

32.    Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

8

33.     Defendants, Walmart Inc., and its contractual entity, Defendant NEC Networks, received payment to perform services that included protecting Plaintiff's Sensitive Information.

34.     Defendants did not protect Plaintiff's highly sensitive information but retained payments for services to Plaintiff.

35.     Defendants have knowledge of said benefit.

36.     Defendants have been unjustly enriched and it would be inequitable for Defendant to retain payments for services to Plaintiff.

37.     As a direct and proximate result, Plaintiff and all others similarly situated have been harmed and/or injured.

**COUNT III**

**BREACH OF CONTRACT (express and implied)**

38.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

39.     Defendants were legally and contractually obligated to protect Plaintiff's health information and Sensitive Information as a condition of conducting business and engaging in their contractual relationships with regard to the services provided to Plaintiff.

40.     Defendants promised and contracted to only disclose health information when required to do so by law or with express consent by Plaintiff.  Defendants further contracted and promised to protect Plaintiff's Sensitive Information.

41.     Defendants promised to comply with all legal standards and to make sure that Plaintiff's health information and sensitive information were protected.

42.     Defendants' promises to comply with all legal standards and to make sure that Plaintiff's health information and sensitive information were protected created an implied contract.

43.     To the extent that it was not expressed, an implied contract was created whereby Defendants promised to safeguard Plaintiff's health information and sensitive information from being accessed, copied, and transferred by unauthorized third parties.

44.     Under the implied contract, Defendants were further obligated to provide Plaintiff and those similarly situated with prompt and sufficient notice of any and all unauthorized access and/or theft of their Sensitive Information.

45.     Defendants did not safeguard Plaintiff's health information and sensitive information and, therefore, breached its contract with Plaintiff.

46.     Defendants allowed a third party without a business need to access Plaintiff's health information and sensitive information and, therefore, breached its contract with Plaintiff.

47.     Furthermore, Defendants' failure to satisfy their confidentiality and privacy obligations resulted in Defendants providing services to Plaintiff that were of a diminished value.

48.     As a direct and proximate result, Plaintiff and all others similarly situated have been harmed and/or injured.

## COUNT IV

## NEGLIGENCE

49.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

50.     Pursuant to the common law of West Virginia, the Defendants owed the Plaintiff a duty of reasonable care in protecting the confidentiality of the personal and private

information that Plaintiff provided to Defendants as a patient of a healthcare facility.

51.     The minimum standard of reasonable care imposed on the Defendants is established and defined by multiple statutes, regulations, and judicial decisions of the State of West Virginia.

52.     By permitting the unauthorized theft and access of Plaintiff's confidential and private information within its possession, Defendants were negligent in that they breached the duty of reasonable care they owed to the Plaintiff.

53.     Furthermore, the Defendants' failure to reasonably encrypt its software, systems, and devices containing its consumers' sensitive information further evidences a breach of the duty of reasonable care that it owed the Plaintiff.

54.     Defendants failed to timely inform Plaintiff of the breach and invasion of privacy. Defendants knew of the breach and invasion and took multiple actions to protect themselves and their own interests before protecting Plaintiff's interests or timely informing Plaintiff of the breach and invasion of privacy. Even when Defendants finally disclosed the breach and invasion to Plaintiff, Defendants failed to provide Plaintiff will all the important information needed to take all actions necessary to protect his interests and respond to the invasion and breach. Defendants have negligently, willfully, and recklessly withheld important information from the disclosure made to Plaintiff.

55.     As a direct and proximate result of the Defendants' negligence, the Plaintiff and all others similarly situated have suffered damages, some of which are articulated throughout this Complaint.

56.     Defendants' actions rose to the level beyond negligence and were committed willfully, wantonly, and with reckless indifference to the rights of others,

11

including Plaintiff and all others similarly situated.

57.     As a direct and proximate result of Defendants' negligent, willful, wanton, and reckless conduct, Plaintiff and all others similarly situated are entitled to compensatory and punitive damages and hereby demand the same.

## COUNT V

## **INVASION OF PRIVACY**

58.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

59.     By disclosing Plaintiff's personal and sensitive medical information, the Defendants committed the tort of invasion of privacy.

60.     Defendants invaded Plaintiff's privacy by, *inter alia*, unlawfully breaching and failing to reasonably protect Plaintiff's personal and highly Sensitive Information from reasonably foreseeable breach and invasion.

61.     Defendants further invaded Plaintiff's privacy and extended the risks, damages and injuries to Plaintiff by failing to timely and fully disclose the breach and invasion of Plaintiff's privacy and failing to provide Plaintiff all the important information Plaintiff needs to know about the privacy and invasion.

62.     As a proximate result, Plaintiff and all others similarly situated have been harmed and/or injured.

**WHEREFORE,** Plaintiff prays to this Court for the following relief for himself and those similarly situated against the Defendants:

12

A.   Class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure.*

B.   Find that Defendants are liable under all legal claims asserted herein for their failure to safeguard Plaintiff's and others similarly situateds' Sensitive Information;

C.   Equitable relief as is necessary to protect Willard Bays' and others similarly situateds' interests, including: (i) an order providing consumer credit protection and monitoring services for Plaintiff; (ii) maintenance of consumer credit insurance to provide coverage for unauthorized use of Plaintiff's personal information, medical information, and financial information; (iii) relief requiring that Defendant establish a specific device encryption security program to protect against the unauthorized disclosure of confidential information of its patients;

D.   Monetary damages in a sufficient amount to provide, to the furthest extent possible, adequate credit and identity protection and monitoring for an extended period of years, the length of which can be determined at trial;

E.   Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff and others similarly situated for the above-described damages and injuries, together with interest from the

13

date of the incident and the costs of the proceeding, including attorney's fees;

F.    Monetary damages for the substantial annoyance, embarrassment and emotional distress suffered thus far, and that will inevitably continue to suffer as a result of the Defendants' actions, in amount to be determined at trial;

G.    Monetary damages to compensate for the permanent lack of security and loss of privacy that they have experienced to date and will continue to suffer in the future as a result of the Defendants' offensive conduct, in amount to be determined at trial;

H.    Award restitution for any identity theft, including, but not limited to payment of any other costs, including attorneys' fees incurred by the victim in clearing the victim's credit history or credit rating, or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt, lien, or other obligation of the victim arising as the result of Defendants' actions;

I.    Award restitution in an amount to be determined by an accounting of the difference between the price Plaintiff paid in reliance upon Defendants' duty/promise to secure its members' Sensitive Information, and the actual services – devoid of proper protection mechanisms – rendered by Defendants;

J.    Prejudgment and post-judgment interest on any and all damages,

14

as provided by applicable law;

K.    Award Plaintiff his reasonable litigation expenses and attorneys'

fees; and

L.    Such other and further relief as this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**Willard Bays**

**By Counsel**

/s/ William M. Tiano
William M. Tiano, Esquire (#4308)
Tony L. O'Dell, Esquire (#5770)
Cheryl A. Fisher, Esquire (#6379)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV 25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiffs*

15

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0003 1469 37



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

WAL-MART STORES EAST, LP
C. T. Corporation System
5098 WEST WASHINGTON STREET
SUITE 407
CHARLESTON, WV 25313

| | |
|---|---|
| **Control Number:** 277331 | **Agent:** C. T. Corporation System |
| **Defendant:** WAL-MART STORES EAST, LP 5098 WEST WASHINGTON STREET SUITE 407 CHARLESTON, WV 25313 US | **County:** Mason |
| | **Civil Action:** 21-C-49 |
| | **Certified Number:** 92148901125134100003146937 |
| | **Service Date:** 7/19/2021 |

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

# SUMMONS



## IN THE CIRCUIT OF MASON WEST VIRGINIA
### Willard Bays v. Walmart Inc.

Service Type:   Plaintiff - Secretary of State

NOTICE TO:   Wal-Mart Stores East, LP, CT Corporation, 5098 Washington St., W., Suite 407, Charleston, WV 25313

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY:

William Tiano, PO Box 11830, Charleston, WV 25339

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

SERVICE:

| | |
|---|---|
| 7/15/2021 11:25:06 AM | /s/ Elizabeth Jones |
| Date | Clerk |

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

☐ Not Found in Bailiwick

| | |
|---|---|
| Date | Server's Signature |



E-FILED | 7/15/2021 11:25 AM
CC-26-2021-C-49
Mason County Circuit Clerk
Elizabeth Jones

## IN THE CIRCUIT COURT OF MASON COUNTY, WEST VIRGINIA

**WILLARD BAYS,**
**individually and on behalf of all**
**others similarly situated,**

        **Plaintiff,**

v.                                        **CIVIL ACTION NO. _____**
                                             **Judge _____**

**WALMART INC., a Delaware**
**corporation, WAL-MART STORES**
**EAST, LP, a Delaware corporation,**
**and NEC NETWORKS, LLC,**
**a Texas corporation,**

        **Defendants.**

## COMPLAINT

        COMES NOW the Plaintiff, Willard Bays, by counsel, Tiano O'Dell, PLLC, and

brings this action against Defendants, Walmart Inc., and NEC Networks, LLC, to obtain class

action relief, damages, restitution, and equitable relief for himself and others similarly situated.

        1.      Plaintiff, Willard Bays, is an individual who at all times relevant herein resided in

Mason County, West Virginia

        2.      Defendant, Walmart Inc., is a Delaware corporation with its headquarters in

Bentonville, Arkansas, and it provides healthcare services to West Virginia residents.  This entity

owned and operated pharmacies located in West Virginia at all times as alleged herein, and does

business in Mason County, West Virginia, at all times as alleged herein.

3.      Defendant, Wal-Mart Stores East, LP, is a limited partnership with its

headquarters in Bentonville, Arkansas, and it provides healthcare services to West Virginia

residents.  This entity owned and operated pharmacies located in West Virginia at all times as

alleged herein.  Upon information and belief, Wal-Mart Stores East, LP, is comprised of several

layers of business entities of Walmart, Inc.  This Defendant does business in Mason County,

West Virginia, at all times as alleged herein.

4.      Defendant, NEC Networks, LLC, is a corporation organized and existing under

the laws of the State of Texas and doing business in the State of West Virginia at all times as

alleged herein.  This entity does business as CaptureRx at all relevant times.  CaptureRx, along

with Walmart Inc., was entrusted with Plaintiff's sensitive personal information.[1]

5.      Plaintiff is a patient and customer of the Defendants.  Defendants collect and

maintain possession, custody, and control of a wide variety of Plaintiff's medical, financial, and

sensitive information in the regular course of business.

6.      Defendants had a legal and fiduciary obligation to protect Plaintiff's sensitive

information as a condition of their relationship with Plaintiff and right to conduct business.

7.      The obligation to protect Plaintiff's sensitive information was included as a

material term, with value, in the services provided by the Defendants and was considered a

benefit of the bargain for which Defendants and the Plaintiff exchanged consideration.  Upon

information and belief, a portion of the consideration accepted by the Defendants was done so

upon condition of and in recognition of Defendants' obligation to protect and secure sensitive

information and ensuring legal compliance.  This allocation was made for the purpose of offering

---

[1] Sensitive information includes full name, Social Security Number, date of birth, home address, account number, insurance information, extremely sensitive medical diagnoses and treatment records, private treatment information, diagnosis codes, and other legally protected information.

2

patients and customers, such as Plaintiff, value added to the services provided by agreeing to protect Sensitive Information.

8.      Defendants failed to take reasonable and adequate actions to protect Plaintiff's sensitive information from reasonably foreseeable invasion of privacy risks.

9.      Defendants stored Plaintiff's sensitive information in an electronic location and format that was not reasonably protected, guarded, secured, and/or was otherwise unreasonably accessible in an unprotected electronic and/or physical location.  Defendants also failed to sufficiently invest in privacy protection safeguards, failed to properly train, audit, test, and supervise employees to safeguard devices and systems containing Plaintiff's Sensitive Information.  Further Defendants failed to reasonably audit, monitor, and maintain the security of its software, systems, and access to Plaintiff's Sensitive Information.

10.     Defendant did not adequately protect Plaintiff's Sensitive Information, and Plaintiff's financial, insurance, health information, and physician-patient confidential relationship has been breached.

11.     Defendant did not provide adequate security measures or appropriate employee supervision to protect Plaintiff's Sensitive Information.

12.     Plaintiff's personal and sensitive information was viewed by individuals who did not have a business need to access the information.  While Plaintiff's sensitive information was accessed on or about February 6, 2021, Plaintiff did not receive notice of the breach until nearly three months later.

13.     Defendants failed to take reasonable actions to timely disclose and provide notice of the breach to Plaintiff.  Defendants placed its own interests and needs before Plaintiff's interests in responding to and investigating the breach.

14.     Defendants designed and implemented their policies and procedures regarding the security of protected health information and Sensitive Information. These policies and procedures failed to adhere to reasonable and best industry practices in safeguarding protected health information and other Sensitive Information.  Further, Defendants failed to have proper security on computer servers or other storage devices or software to protect the Plaintiff's Sensitive Information.

15.     Willard Bays' most intimate, private, and severely personal medical records were breached due to the Defendant's above described failures and Plaintiff has suffered significant loss, injury and damages.

16.     On or about May 5, 2021, Defendant, NEC Networks, LLC, sent a medical data breach notice to Plaintiff describing activity wherein third parties unlawfully accessed Plaintiff's sensitive medical and personal identity information without a business need and which resulted in Plaintiff's personal sensitive information being unlawfully exposed to third party or parties. Defendant, Walmart Inc., owes a duty to the Plaintiffs to safeguard this information and upon information and belief contracted with the Defendant NEC Networks, LLC d/b/a CaptureRx for electronic medical record provider services and storage.

17.     CaptureRx failed to reasonably monitor its employees' conduct and failed to reasonably monitor systems to safeguard Plaintiff's personal sensitive information entrusted to it for protection.

18.     As a result of Defendants' failure to follow contractually agreed upon, legally required, industry-standard security procedures, Plaintiff received only diminished value of the services which the Defendants provided.  Plaintiff contracted for services that included a guarantee by Defendants to safeguard his personal and Sensitive Information.  Instead, Plaintiff

4

received services devoid of these very important protections.  Accordingly, the Plaintiff seeks

claims for breach of contract, breach of implied contract, unjust enrichment, negligence, invasion

of privacy, and breach of confidentiality, and violation of the West Virginia Consumer and

Protection Credit Act.

19.     The Plaintiff, Willard Bays, brings this suit on behalf of himself and all other

persons who were similarly situated related to a breach of security and disclosure of sensitive

information to unauthorized third parties by Defendants.

20.     The Plaintiff brings this action and further seeks certification on behalf of himself

and the putative class members she seeks to represent under West Virginia Rule of Civil

Procedure, Rule 23(b)(3), the class is defined as follows:

>      **All persons whose sensitive information in the possession of Defendants was**
>
>      **compromised as a result of a security breach which occurred on or around**
>
>      **February 6, 2021.**

21.     This action is properly brought as a class action for the following reasons:

a.     The class is numerous and includes a significant number of patients living

in and around West Virginia.  Joining each class member as a co-plaintiff would be unreasonable

and impracticable.

b.     There are common questions of law and of fact to the members of the

class that predominate over any individual questions affecting individual class members.  The

theories of liability and questions of Defendants' wrongful conduct related to the security breach

apply to all class members.  Plaintiff requests common theories of liability against the

Defendants which are common to the class as a whole and do not turn on any particular aspect of

an individual class member's situation. Defendants acted in a manner that affected all putative class members similarly.

      c.      The claims asserted by Plaintiff are typical of the members of the class.

      d.      The Plaintiff will fairly and adequately protect the interests of the members of the class. The interests of the members of the class are coincident with and not antagonistic to Plaintiff. Further, Plaintiff is represented by experienced class action counsel with adequate resources to prosecute the case.

      e.      This class action is an appropriate method of the fair and efficient adjudication of this controversy because:

            i.      There is no special interest by class members in individually controlling the prosecution of separate actions;

            ii.      When Defendants' liability has been adjudicated, claims of all class members can be administered efficiently under the direction of/or as determined by the Court;

            iii.      This action will promote an orderly and expeditious administration and adjudication of the class claims, economies of time, effort, and resources will be fostered, and uniformity of decisions will be insured;

            iv.      Without a class action, Plaintiff and the class will suffer damages and Defendants' violations of law will proceed without remedy while Defendants reap and retain the substantial proceeds of its misleading and wrongful conduct; and

            v.      There will be no insurmountable difficulty in the management of this lawsuit as a class action.

vi.     The conduct of this action conserves the resources of the parties and the court system, protects the rights of each member of the class, and meets all due process requirements.

vii.     Certification of the class with respect to particular common factual and legal issues concerning liability, as well as the necessary and appropriate quantum of punitive damages, or ratio of punitive damages to actual harm, is appropriate under West Virginia Rule of Civil Procedure 23(c)(4).

viii.     The particular common issues of liability, damages, and the quantum of punitive damages or ratio of punitive damages to actual harm, are common to all Class Members.

22.     The liability arising from Defendants' conduct may be tried on a class-wide basis, as the trial will focus upon only common questions applicable to the entire class.

## COUNT I

## <u>BREACH OF THE DUTY OF CONFIDENTIALITY</u>

23.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

24.     Defendants owed the Plaintiff a duty of confidentiality pursuant to the terms of its legal and fiduciary relationship with Plaintiff as a health care provider and entity storing and maintaining health care and private sensitive information.

25.     Included in this duty owed by Defendants is one of undivided secrecy and loyalty to Plaintiff as a patient and protector of health care information. This duty is critical to encourage the free exchange of information between patients and their

7

healthcare providers.

26.     The minimum standard of care imposed on Defendants in maintaining the confidentiality of Plaintiff's sensitive information is expressed in multiple statutes, regulations, and judicial decisions of the State of West Virginia.

27.     The Defendants breached its duty to the Plaintiff through the unauthorized disclosure, breach, and/or publication of personal and private information, and thus violated the Plaintiff's right to have this information kept confidential.

28.     Such a violation breaches the trust that represents the core of the fiduciary relationship between Plaintiff as a patient and Defendants as healthcare provider, and entity storing and maintaining health care information.

29.     As a direct and proximate result of Defendants' breach of the duty of confidentiality, Plaintiff and all others similarly situated have suffered damages and breach of the confidential physician-patient relationship.

30.     Defendants' actions were committed willfully, wantonly, and with reckless indifference to the rights of others, including Plaintiff and all others similarly situated.

31.     As a direct and proximate result of Defendants' willful, wanton, and reckless conduct, Plaintiff and all others similarly situated are entitled to compensatory and punitive damages and hereby demand the same.

## COUNT II

### UNJUST ENRICHMENT

32.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

8

33.     Defendants, Walmart Inc., and its contractual entity, Defendant NEC Networks, received payment to perform services that included protecting Plaintiff's Sensitive Information.

34.     Defendants did not protect Plaintiff's highly sensitive information but retained payments for services to Plaintiff.

35.     Defendants have knowledge of said benefit.

36.     Defendants have been unjustly enriched and it would be inequitable for Defendant to retain payments for services to Plaintiff.

37.     As a direct and proximate result, Plaintiff and all others similarly situated have been harmed and/or injured.

**COUNT III**

**BREACH OF CONTRACT (express and implied)**

38.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

39.     Defendants were legally and contractually obligated to protect Plaintiff's health information and Sensitive Information as a condition of conducting business and engaging in their contractual relationships with regard to the services provided to Plaintiff.

40.     Defendants promised and contracted to only disclose health information when required to do so by law or with express consent by Plaintiff.  Defendants further contracted and promised to protect Plaintiff's Sensitive Information.

41.     Defendants promised to comply with all legal standards and to make sure that Plaintiff's health information and sensitive information were protected.

9

42.     Defendants' promises to comply with all legal standards and to make sure that Plaintiff's health information and sensitive information were protected created an implied contract.

43.     To the extent that it was not expressed, an implied contract was created whereby Defendants promised to safeguard Plaintiff's health information and sensitive information from being accessed, copied, and transferred by unauthorized third parties.

44.     Under the implied contract, Defendants were further obligated to provide Plaintiff and those similarly situated with prompt and sufficient notice of any and all unauthorized access and/or theft of their Sensitive Information.

45.     Defendants did not safeguard Plaintiff's health information and sensitive information and, therefore, breached its contract with Plaintiff.

46.     Defendants allowed a third party without a business need to access Plaintiff's health information and sensitive information and, therefore, breached its contract with Plaintiff.

47.     Furthermore, Defendants' failure to satisfy their confidentiality and privacy obligations resulted in Defendants providing services to Plaintiff that were of a diminished value.

48.     As a direct and proximate result, Plaintiff and all others similarly situated have been harmed and/or injured.

## COUNT IV

### NEGLIGENCE

49.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

50.     Pursuant to the common law of West Virginia, the Defendants owed the Plaintiff a duty of reasonable care in protecting the confidentiality of the personal and private

10

information that Plaintiff provided to Defendants as a patient of a healthcare facility.

51.     The minimum standard of reasonable care imposed on the Defendants is established and defined by multiple statutes, regulations, and judicial decisions of the State of West Virginia.

52.     By permitting the unauthorized theft and access of Plaintiff's confidential and private information within its possession, Defendants were negligent in that they breached the duty of reasonable care they owed to the Plaintiff.

53.     Furthermore, the Defendants' failure to reasonably encrypt its software, systems, and devices containing its consumers' sensitive information further evidences a breach of the duty of reasonable care that it owed the Plaintiff.

54.     Defendants failed to timely inform Plaintiff of the breach and invasion of privacy.  Defendants knew of the breach and invasion and took multiple actions to protect themselves and their own interests before protecting Plaintiff's interests or timely informing Plaintiff of the breach and invasion of privacy.  Even when Defendants finally disclosed the breach and invasion to Plaintiff, Defendants failed to provide Plaintiff will all the important information needed to take all actions necessary to protect his interests and respond to the invasion and breach.  Defendants have negligently, willfully, and recklessly withheld important information from the disclosure made to Plaintiff.

55.     As a direct and proximate result of the Defendants' negligence, the Plaintiff and all others similarly situated have suffered damages, some of which are articulated throughout this Complaint.

56.     Defendants' actions rose to the level beyond negligence and were committed willfully, wantonly, and with reckless indifference to the rights of others,

11

including Plaintiff and all others similarly situated.

57.   As a direct and proximate result of Defendants' negligent, willful, wanton, and reckless conduct, Plaintiff and all others similarly situated are entitled to compensatory and punitive damages and hereby demand the same.

## COUNT V

### INVASION OF PRIVACY

58.   Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

59.   By disclosing Plaintiff's personal and sensitive medical information, the Defendants committed the tort of invasion of privacy.

60.   Defendants invaded Plaintiff's privacy by, *inter alia*, unlawfully breaching and failing to reasonably protect Plaintiff's personal and highly Sensitive Information from reasonably foreseeable breach and invasion.

61.   Defendants further invaded Plaintiff's privacy and extended the risks, damages and injuries to Plaintiff by failing to timely and fully disclose the breach and invasion of Plaintiff's privacy and failing to provide Plaintiff all the important information Plaintiff needs to know about the privacy and invasion.

62.   As a proximate result, Plaintiff and all others similarly situated have been harmed and/or injured.

**WHEREFORE,** Plaintiff prays to this Court for the following relief for himself and those similarly situated against the Defendants:

12

A.     Class certification pursuant to Rule 23 of the *West Virginia Rules of Civil Procedure.*

B.     Find that Defendants are liable under all legal claims asserted herein for their failure to safeguard Plaintiff's and others similarly situateds' Sensitive Information;

C.     Equitable relief as is necessary to protect Willard Bays' and others similarly situateds' interests, including: (i) an order providing consumer credit protection and monitoring services for Plaintiff; (ii) maintenance of consumer credit insurance to provide coverage for unauthorized use of Plaintiff's personal information, medical information, and financial information; (iii) relief requiring that Defendant establish a specific device encryption security program to protect against the unauthorized disclosure of confidential information of its patients;

D.     Monetary damages in a sufficient amount to provide, to the furthest extent possible, adequate credit and identity protection and monitoring for an extended period of years, the length of which can be determined at trial;

E.     Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff and others similarly situated for the above-described damages and injuries, together with interest from the

13

date of the incident and the costs of the proceeding, including

attorney's fees;

F.    Monetary damages for the substantial annoyance, embarrassment

and emotional distress suffered thus far, and that will inevitably

continue to suffer as a result of the Defendants' actions, in

amount to be determined at trial;

G.    Monetary damages to compensate for the permanent lack of

security and loss of privacy that they have experienced to date

and will continue to suffer in the future as a result of the

Defendants' offensive conduct, in amount to be determined at

trial;

H.    Award restitution for any identity theft, including, but not limited

to payment of any other costs, including attorneys' fees incurred

by the victim in clearing the victim's credit history or credit rating,

or any costs incurred in connection with any civil or administrative

proceeding to satisfy any debt, lien, or other obligation of the

victim arising as the result of Defendants' actions;

I.    Award restitution in an amount to be determined by an accounting

of the difference between the price Plaintiff paid in reliance upon

Defendants' duty/promise to secure its members' Sensitive

Information, and the actual services – devoid of proper protection

mechanisms – rendered by Defendants;

J.    Prejudgment and post-judgment interest on any and all damages,

14

as provided by applicable law;

K.     Award Plaintiff his reasonable litigation expenses and attorneys'

       fees; and

L.     Such other and further relief as this Court deems appropriate.


### PLAINTIFF DEMANDS A TRIAL BY JURY.


**Willard Bays**

**By Counsel**


/s/ William M. Tiano
William M. Tiano, Esquire (#4308)
Tony L. O'Dell, Esquire (#5770)
Cheryl A. Fisher, Esquire (#6379)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV  25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiffs*

15