IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

WILLARD BAYS,
individually and on behalf of all
others similarly situated,

               Plaintiff,

v.                                    CIVIL ACTION NO.   3:21-0460

WALMART INC.,
a Delaware corporation and
WAL-MART STORES EAST, L.P.
a Delaware corporation

               Defendants.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Walmart, Inc., and Wal-Mart Stores East, LP (collectively "Walmart" or "Defendants") Motion to Continue Stay. ECF No. 30. For the reasons herein, the Court **DENIES** the Motion.

### I. FACTUAL BACKGROUND

This action stems from an alleged data breach affecting Plaintiff. *See e.g.*, Compl., ECF No. 1-1. Plaintiff was a Walmart customer and used their pharmacy service. *Id*. ¶¶ 2, 5. As part of this service, Defendants collected Plaintiff's sensitive medical and financial information. *Id*. ¶ 5. They stored this information using an electronic medical record provider, NEC Networks, LLC, d/b/a CaptureRx ("CaptureRx"). *Id*. ¶ 16. On May 5, 2021, Plaintiff was informed of a data breach by CaptureRx. *Id*. Because of the breach, Plaintiff filed a class action on behalf of himself and others similarly situated alleging that CaptureRx and Walmart both failed to adequately monitor

and maintain the security of their software and failed to otherwise take reasonable and adequate steps to protect Plaintiff's sensitive information from the data breach, in violation of their legal and fiduciary duties. *Id*. ¶¶ 6-20.

On August 17, 2021, Defendants removed this action to federal court. *See* Notice of Removal, ECF No. 1. The action was one of more than ten class action federal lawsuits resulting from the data breach. The plaintiff in the first-filed action [1] petitioned the Judicial Panel on Multidistrict Litigation ("JPML") to transfer that action and all federal lawsuits asserting similar claims for coordinated or consolidated pretrial proceedings. *See In re: NEC Networks, LLC d/b/a CaptureRx Customer Data Sec. Breach Litig*., MDL No. 3018, 2021 WL 5872258 (J.P.M.L. Dec. 8, 2021). On September 28, 2021, Walmart moved to stay the case (ECF No. 20) and the Court granted the motion to stay, pending a ruling by the JPML on transfer and consolidation. *See* Order, ECF No. 29.

On December 8, 2021, the JPML denied the order to transfer. *See* Order Denying Transfer, ECF No. 30-1. The JPML denied the motion after plaintiffs in the consolidated Western District of Texas actions notified the Panel that the parties had reached a class-wide settlement. *See id*. at 2. It found that centralization was not necessary at the time in light of the pending settlement. *Id*. Defendants state that the proposed settlement will resolve the claims of all individuals whose information was potentially compromised by the breach. *See* Brief in Supp. of Defs.' Mot. to Stay at 2, ECF No. 31. They also note that the settlement class includes all individuals whose information was compromised in the breach and that the settlement will release all defendants in the class actions lawsuits. *Id.* In light of these developments, Defendants filed their Motion to

---

[1] The first-filed action is *D.W. v. NEC Networks LLC d/b/a CaptureRx and Walmart Inc*., No. 4:21-CV-00363 (W.D. Mo.)

Continue Stay (ECF No. 30). Plaintiffs responded in opposition on January 5, 2022. ECF No. 33. Defendants filed a reply. ECF No. 35. The Motion is ripe and ready for resolution.

## II. LEGAL STANDARD

"The grant or denial of a request to stay proceedings calls for an exercise of [a] district court's judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). In other words, a movant "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). When analyzing a motion to stay, a court must consider: (1) whether a stay is in the interest of judicial economy, (2) the degree of hardship and equity to the moving party absent a stay, and (3) potential prejudice to the non-moving party. *White v. Ally Fin. Inc.,* 969 F.Supp.2d 451, 562 (S.D.W. Va.2013); *see also Landis v. N. Am. Co.,* 299 U.S. at 255.

## III. ANALYSIS

Defendants argue that the three-factor test cuts in favor of continuing the stay in this case. *See* Defs.' Brief in Supp., at 3-6. Plaintiff responds that he is seeking liability for the breach based on Defendants' own acts and omissions which contributed to the data breach; thus, the proposed settlement with CaptureRx will not resolve the questions in the case before this Court. *See* Pl.'s Resp. at 5-7. Defendants reply that Plaintiff's recourse is to object to the settlement in the Western

District of Texas, that the factors continue to weigh in favor of a stay, and that none of Plaintiff's remaining arguments support denying their motion. Defs.' Reply at 2.

Defendants first argue that the stay will serve judicial economy because the Court risks burdening its docket with a case which may be resolved entirely by the CaptureRx settlement. Courts will routinely find that a stay serves judicial economy where a pending nationwide settlement resolves all claims in their entirety. *See Mullis v. Mountain State Univ., Inc.* No. 5:12-03157, 2014 WL 5465749, at *2 (S.D.W. Va. Oct. 28, 2014) (granting motion to stay where the multidistrict litigation panel's approval of the settlement would prevent plaintiff from pursuing her claim in the district court and thus resolve the claim in its entirety); *Kamara v. Polk*, No. 3:12-CV-143, 2014 WL 5810456, at *4 (N.D.W. Va. Nov. 7, 2014).

Here, however, it is unclear that the proposed settlement would resolve Plaintiff's claims in their entirety. The proposed settlement agreement is between a named plaintiff and CaptureRx in a Western District of Texas action. *See Vereen v. NEC Networks, LLC, D/B/A CaptureRx,* No. 5:21-CV-00536 (W.D. Tex. June 4, 2021). However, Defendants were not parties in that case, and Plaintiff was prevented from attending the mediation. *See id.*; Pl.'s Resp. at 5; Ex. 2, ECF No. 33-2. Further, if Plaintiff's allegations are true, his suit is based on Defendants' independent acts and omissions in violation of West Virginia law that caused the data breach, and there has been no settlement reached as to these claims. If and when a settlement is entered in that class action, this Court can determine its effect on this proceeding. However, until that point, the Court does not feel that judicial economy weighs heavily in favor of a stay.

Defendants also argue that they are prejudiced by being forced to expend time, money, and resources litigating a putative class action lawsuit that may be resolved through CaptureRx's settlement. Defs.' Brief in Supp. at 5. As discussed above, Plaintiff's claim may not be resolved by

-4-

the class action. As such, it is not unfair to subject Defendants to the costs and additional difficulties attendant to litigation for their own wrongful conduct if it forms the basis of a separate claim. Defendants lastly claim that no prejudice will result to Plaintiff because the case is in the very early stages of litigation and because Plaintiff can simply object to the settlement should he have concerns. Def.'s Brief in Supp. at 5. However, this Court has already stayed the action once for at least two months, and a non-moving party can suffer prejudice when a stay is reasonably expected to cause a significant delay in proceedings. *See Sehler v. Prospect Mortgage*, No. 1:13-CV-473, 2013 WL 5184216, at \*3 (E.D. Va. Sept. 16, 2013) (finding a potential delay of four to six months to be "significant" and therefore prejudicial to the non-moving party).

In short, Defendants have not met their burden for justifying a stay by "clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford,* 715 F.2d at 124.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Continue Stay (ECF No. 30) is **DENIED**. This Court held in abeyance Defendants' prior Motion to Stay or Dismiss (ECF No. 22) and the grounds asserted therein. The Court now **DIRECTS** Plaintiff to respond to that Motion by February 3, 2022.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        January 20, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE