**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

WILLARD BAYS,
individually and on behalf of all
others similarly situated,

                Plaintiff,

v.                                CIVIL ACTION NO.  3:21-0460

WALMART INC.,
a Delaware corporation and
WAL-MART STORES EAST, L.P.
a Delaware corporation

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Walmart, Inc., and Wal-Mart Stores East, L.P.'s (collectively "Walmart") Motion to Stay or Dismiss. ECF No. 22. For the reasons herein, the Motion is **DENIED AS MOOT.**

**I. FACTUAL BACKGROUND**

This action arises from a data breach where unauthorized third parties accessed a database containing Plaintiff Willard Bays' personal information. Plaintiff is a Walmart customer and patient; Walmart owns and operates pharmacies within its larger stores. Compl. ¶¶ 3-5. As part of its pharmacy operations, Walmart collects Plaintiff's medical, financial, and sensitive information (such as full name, date of birth, home address, Social Security Number, insurance information, medical diagnoses and treatment, records, etc.). *Id.* ¶¶ 5-7. Walmart also contracts with NEC Networks, LLC, d/b/a CaptureRx ("CaptureRx") to store and manage electronic

medical records containing this information in its pharmacy operations. *Id.* ¶ 16. In February 2021, Plaintiff's sensitive information was improperly accessed. *Id.* ¶ 12. About three months later, CaptureRx sent a medical data breach notice to Plaintiff "describing activity wherein third parties unlawfully accessed Plaintiff's sensitive medical and personal identity information without a business need and which resulted in Plaintiff's personal sensitive information being unlawfully exposed to third party or parties." *Id.* ¶ 16.

On August 17, 2021, Plaintiff filed suit against both CaptureRx and Walmart, on behalf of himself and all others similarly situated, claiming a breach of the duty of confidentiality, unjust enrichment, breach of contract, negligence, and invasion of privacy. *See e.g.,* Compl., ECF No. 1-1. Plaintiff dismissed CaptureRx from the suit. ECF No. 18. Walmart moved to stay the action pending decision on transfer and consolidation by the Judicial Panel on Multidistrict Litigation ("JPML"), which this Court initially granted. ECF Nos. 20, 29. But after the JPML denied the transfer and consolidation, this Court denied the Motion to Continue Stay and ordered briefing on the current motion. ECF No. 36. Plaintiff responded on February 3, 2022. ECF No. 37. Walmart replied on February 21, 2022. The motion is ripe.

## II. LEGAL STANDARD

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the

complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose

to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

### III. ANALYSIS

Walmart first argues that Plaintiff's Complaint should be dismissed where Plaintiff exclusively relies on group pleading allegations. *See* Defs.' Mem. in Supp. at 10-11, ECF No. 23. The Complaint here refers to CaptureRx and Walmart collectively as "Defendants" and alleges generally that he is a customer of Defendants and provided them with his personal information. When CaptureRx suffered a data breach, Plaintiff alleges that he suffered harm because of actions on the part of both Defendants, without differentiating between the two entities.

Moreover, Plaintiff has not and cannot allege facts making it plausible that Walmart and CaptureRx are anything other than separate and distinct corporate entities. And, because CaptureRx has been dismissed from the lawsuit, the pleading artifice of referring to "Defendants" collectively is particularly problematic. Indeed,

> Courts have been quick to reject [complaints] in which multiple defendants are lumped together, and with good reason; Rule 8 requires the complaint provide defendants with 'fair notice' of the claims asserted against them. Plaintiff's failure to state with specificity the acts allegedly performed by each defendant of which she now complains provides further support for granting defendants' motion.
>
> *Reaves v. Ocwen Loan Servicing, LLC*, No. 5:16-CV-186, 2016 WL 3248298, at *1

(E.D.N.C. June 10, 2016) (internal citations omitted).

However, the Court cannot say that, as a whole, the Complaint rises to the level of a "shotgun pleading" which fails under Rule 8. "A complaint that 'fails to articulate claims with sufficient clarity to allow the defendant[s] to frame a responsive pleading ... or [one in which] it is virtually impossible to know which allegations of fact are intended to support which claims for

relief' constitutes a 'shotgun pleading.'" *Knouse v. Primecare Med. of W. Virginia.*, 333 F. Supp. 3d 584, 592 (S.D.W. Va. 2018) (quoting *SunTrust Mortg., Inc. v. First Residential Mortg. Servs. Corp.*, No. 3:12-CV-162, 2012 WL 7062086, at *7 (E.D. Va. Sept. 11, 2012), *report and recommendation adopted,* No. 3:12-CV-162, 2013 WL 505828 (E.D. Va. Feb. 8, 2013) ; *see also Turton v. Va. Dep't of Educ.*, No. 3:14-CV-446, 2014 WL 12539403, at *2 (E.D. Va. Sept. 23, 2014) ("[T]his Amended Complaint is the quintessential 'shotgun pleading' that ... is presented in such a conclusory form that it is virtually impossible to ascertain what claims are asserted against which defendants and on what legal basis the respective claims are founded.").

Typically, the remedy for violating Rule 8 is dismissal with leave to amend. *See Plumhoff v. Central Mortg. Co.*, 286 F. Supp. 3d 699, 702 (D. Md. 2017) (collecting cases); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977) (citing *Koll v. Wayzata State Bank*, 397 F.2d 124, 125 (8th Cir. 1968). This dismissal is a nonmerits one. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007) ("an order dismissing a complaint under Rule 8 clearly is without prejudice as it is not an adjudication of the merits"). But, given Plaintiff has had no opportunity to amend his Complaint and the general policy favoring resolution of cases on the merits, the Court finds allowing amendment a more appropriate alternative. *See Vibe Micro, Inc.* 878 F.3d at 1296 ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.").

Further, under Rule 15, court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied "'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

moving party, or the amendment would have been futile.'" *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Pittston Co. v. United States.*, 199 F.3d 694, 705 (4th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Fourth Circuit's policy is to "liberally allow amendment." *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)).

Given the deficiencies in the Complaint, the Court finds the best course of action is to allow Plaintiff leave to amend his Complaint and clarify Walmart's specific actions in his pleadings. The Court is not persuaded here that there is sufficient evidence of prejudice, bad faith, or futility which would outweigh the policy favoring granting leave to amend. Allowing Plaintiff to file an Amended Complaint will best permit the Court to determine whether he asserts cognizable claims against Walmart.

In doing so, the Court notes that in the Motion to Dismiss, Defendants also raised an argument that Plaintiff's Complaint warranted dismissal under Rule 12(b)(6). Plaintiff, in his Response, has added a significant number of new allegations. "Generally, when a defendant moves to dismiss a complaint under Rule 12(b)(6), courts are limited to considering the sufficiency of allegations set forth in the complaint and the 'documents attached or incorporated into the complaint.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co v. Kolon, Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). Ordinarily, the court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein[.]" *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013), *abrogated on other grounds by Reed. v. Town of Gilbert*, 576 U.S. 155, 135 S. Ct. 2218, 192 L.Ed.2d 236 (2015); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir.

2007). Also, in his Response, Plaintiff alleges several new federal and state regulatory claims. If Plaintiff intends to assert these causes of action, they should be plainly identified and pled.

Plaintiff would be well-advised to consider, when amending his complaint, Walmart's argument that his Response adds many allegations that were not in the Complaint. Further, the Court makes no ruling on Defendants' "first-filed" grounds seeking a stay. After Plaintiff amends, and adds clarity to his claims, Defendants are free to resurrect this argument.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 22) is **DENIED AS MOOT**. Plaintiff shall have ten days from the entry of this Order to amend his Complaint. Pursuant to its prior Memorandum Opinion and Order (ECF No. 36), the Court also **LIFTS** the stay and reinstates this matter to the active docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        April 29, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE