**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**WILLARD BAYS,
individually and on behalf of all
others similarly situated,**

      **Plaintiff,**

**v.**                                 **CIVIL ACTION NO. 3:21-CV-00460
Judge: Honorable Robert C. Chambers**

**WALMART INC., a Delaware
corporation, WAL-MART STORES
EAST, LP, a Delaware corporation,**

      **Defendant.**

## <u>AMENDED COMPLAINT</u>

      COMES NOW the Plaintiff, Willard Bays, by counsel, Tiano O'Dell, PLLC, and brings this action against Defendant, Walmart Inc., to obtain class action relief, damages, restitution, and equitable relief for himself and others similarly situated.

      1.      Plaintiff, Willard Bays, is an individual who at all times relevant herein resided in Mason County, West Virginia

      2.      Defendant, Walmart Inc., is a Delaware corporation with its headquarters in Bentonville, Arkansas, and it provides healthcare services to West Virginia residents, including Willard Bays and others similarly situated for whom relief is sought.  This entity owned and operated pharmacies located in West Virginia at all times as alleged herein, and does business in Mason County, West Virginia, at all times as alleged herein.

3.      Defendant, Wal-Mart Stores East, LP, is a limited partnership with its headquarters in Bentonville, Arkansas, and it provides healthcare services to West Virginia residents.  This entity owned and operated pharmacies located in West Virginia at all times as alleged herein.  Upon information and belief, Wal-Mart Stores East, LP, is comprised of several layers of business entities of Walmart, Inc.  This Defendant does business in Mason County, West Virginia, at all times as alleged herein.

4.      The Walmart Defendants, as Plaintiff's healthcare provider, were entrusted with Plaintiff's sensitive personal information.[1]  The Walmart Defendants, as a healthcare provider of others similarly situated for whom relief is sought, were entrusted with their sensitive personal information.

5.      Plaintiff is a patient and customer of the Walmart Defendants.  Defendants collect and maintain possession, custody, and control of a wide variety of Plaintiff's medical, pharmacy, financial, and sensitive information in the regular course of business.

6.      Capture RX was a vendor that provided services to the Walmart Defendants.  As part of that relationship the Walmart Defendants shared Plaintiff's sensitive personal information with Capture RX.  Capture RX sent a notice to Plaintiff on May 5, 2021 identifying itself as a vendor providing services to the Walmart Defendants as healthcare providers of Plaintiff. Plaintiff had never been advised by the Walmart Defendants before that letter that the Walmart Defendants would utilize Capture RX as its vendor and share his sensitive information with that entity.

---

[1] Sensitive information includes full name, Social Security Number, date of birth, home address, account number, insurance information, extremely sensitive medical diagnoses, medication records including type and dosage, treatment records, private treatment information, diagnosis codes, and other legally protected information.

7.      The Walmart Defendants had a legal and fiduciary obligation to protect Plaintiff's sensitive information as a condition of their relationship with Plaintiff and right to conduct business.

8.      The obligation to protect Plaintiff's sensitive information was included as a material term, with value, in the services provided by the Walmart Defendants and was considered a benefit of the bargain for which the Walmart Defendants and the Plaintiff exchanged consideration.  A portion of the consideration accepted by the Walmart Defendants was done so upon condition of and in recognition of the Walmart Defendants' obligation to protect and secure sensitive information and ensuring legal compliance with Plaintiff's privacy rights.  This allocation was made for the purpose of offering patients and customers, such as Plaintiff, value added to the services provided by agreeing to protect Sensitive Information. Further, the Walmart Defendants were collecting substantial revenues through dispensing fees, inventory coverage payments, percent of drug cost, and other fees provided for in their Pharmacy Services Agreement as part of the program under which the Walmart Defendants were providing services to Plaintiff.  Maintaining patient/client confidentiality and privacy rights were a requirement imposed on the Walmart Defendants in order to participate in the program under which the Walmart Defendants were providing services to Plaintiff and all similarly situated Plaintiff seeks to represent.

9.      The program under which the Walmart Defendants used to obtain Plaintiff's sensitive information is a significant profit driving program for the Walmart Defendants.

10.     As part of the patient/healthcare provider relationship the Walmart Defendants engaged in with Plaintiff, the Walmart Defendants issued Notices to Plaintiff including Notice of Privacy Practices and Notice of Patient Bill of Rights which set forth duties and obligations of

3

the parties and was a mutually agreed part of the contract for health care services.  The Walmart Defendants breached the provisions of its Notice of Privacy Practices and Notice of Patient Bill of Rights.

11.     Pursuant to the Notice of Privacy Practices, the Walmart Defendants agreed and contracted as follows: "We understand that your medical information is personal and we are committed to protecting it.  We are required by law to maintain the privacy of your protected health information ("PHI"), to give you this Notice of our legal duties and privacy practices concerning your PHI, and to report to you any security breach involving your unsecured PHI. We must follow the terms of the current Notice."

12.     Pursuant to the Patient Bill of Rights: "Responsibilities of the Provider", the Walmart Defendants agreed and contracted that it had an obligation to maintain the "Confidentiality and privacy of all information contained in the client/patient record and of Protected Health Information."

13.     The Walmart Defendants had a legal, fiduciary, industry standard, and contractual obligation to render Plaintiff's sensitive information maintained in electronic format unusable, unreadable, or indecipherable to unauthorized individuals through an approved, tested and recognized encryption process.

14.     Before sharing Plaintiff's sensitive information with CaptureRX, the Walmart Defendants were required to establish written safeguards with CaptureRX as a business associate.   The Walmart Defendants have never disclosed whether it engaged in a Business Associate contract with CaptureRX.  To the extent the Walmart Defendants failed to engage in an appropriate Business Associate contract with CaptureRX, but nevertheless shared Plaintiff's private health information with CaptureRX, the Walmart Defendants violated their legal,

4

fiduciary, industry standards and contractual obligations to protect the privacy of Plaintiff's sensitive information.  To the extent the Walmart Defendants did enter into a Business Associate contract with CaptureRX, the Walmart Defendants failed to perform a due diligence review to ensure CaptureRX had and enforced proper privacy security to protect patient sensitive information.

15.     Upon information and belief, the Walmart Defendants utilized and shared patient information, including Plaintiff's sensitive information with CaptureRX so that CaptureRX could engage in administration services which included electronic claims capture.  This means the Walmart Defendants were allowing CaptureRX to capture the content of all claims data for covered drugs of eligible patients as the information was electronically transmitted from Walmart for claim payment.

16.     Defendants were obligated to use an encryption device and ensure its vendor was utilizing an encryption device to protect Plaintiff's sensitive information while the data was at rest and in motion.

17.     Many large nationally recognized financially stable health industry giant corporations provide the same service the Walmart Defendants were using CaptureRX to provide.

18.     CaptureRX was severely underfunded, underinsured, and maintained inadequate and lax cybersecurity.

19.     Before sharing Plaintiff's sensitive information with CaptureRX, the Walmart Defendants had a duty to ensure they were authorized to share the information; the information would be protected and would be unusable, unreadable, or indecipherable to unauthorized individuals; and all safeguards including administrative, physical, and technical security controls

were in place and effectively operating to protect information.  The Walmart Defendants shared Plaintiff's sensitive information with CaptureRX without performing these duties.

20.     The Walmart Defendants had a legal, fiduciary, industry standard, and contractual obligation to ensure that any business associate with whom the Walmart Defendants shared Plaintiff's sensitive information would render Plaintiff's sensitive information unusable, unreadable, or indecipherable to unauthorized individuals through an approved, tested and recognized encryption process. Defendants failed to perform a due diligence review of its business associate's privacy and security safeguards, or otherwise ensure the privacy protection of Plaintiff's sensitive information, before the Walmart Defendants shared Plaintiff's sensitive information with its business associate.

21.     Plaintiff reasonably relied on the Walmart Defendants to comply with their legal, fiduciary, industry standard, and contractual obligations to protect, secure, and safeguard his sensitive information.  Plaintiff reasonably relied upon the Walmart Defendants' statements set forth above and throughout the Notice of Privacy Practices and Patient Bill of Rights.

22.     The Walmart Defendants failed to take reasonable and adequate actions to protect Plaintiff's sensitive information from reasonably foreseeable invasion of privacy risks.  As Plaintiff's healthcare provider, the Walmart Defendants had a non-delegable duty to protect the privacy of Plaintiff's private health information.

23.     The Walmart Defendants failed to take reasonable and adequate actions to ensure its business associate with whom the Walmart Defendants shared Plaintiff's sensitive information would render Plaintiff's sensitive information unusable, unreadable, or indecipherable to unauthorized individuals through an approved, tested and recognized encryption process, before Defendants shared Plaintiff's sensitive information.

6

24.     Plaintiff's sensitive information was stored in an electronic location and format that was not reasonably protected, guarded, secured, and/or was otherwise unreasonably accessible in an unprotected electronic and/or physical location.  The method of storage wrongfully permitted unauthorized individuals to match personal identity with sensitive financial, pharmacy, and medical data and records.  The Walmart Defendants failed to sufficiently invest time, resources, money and effort to ensure business associates with whom they shared Plaintiff's sensitive information maintained privacy protection safeguards.  The Walmart Defendants failed to properly train, audit, test, and supervise employees responsible for approving and sharing Plaintiff's sensitive information with their business associates. Further Defendants failed to reasonably ensure business associates with whom they shared Plaintiff's sensitive information engaged in and enforced safeguards to audit, monitor, and maintain the security of its software, systems, and access to Plaintiff's Sensitive Information.

25.     The Walmart Defendant did not adequately protect Plaintiff's Sensitive Information, and Plaintiff's financial, insurance, health information, pharmacy and Plaintiff's healthcare provider confidential relationship has been breached.

26.     The Walmart Defendants did not implement adequate security measures and provide appropriate employee supervision over departments, management personnel and employees responsible for sharing Plaintiff's Sensitive Information with Defendants' business associate.

27.     Plaintiff's personal and sensitive information was viewed by individuals who did not have a business need to access the information.  These events constitute a disclosure defined by law as the release, transfer, provision of access to, or divulging in any manner of information outside the entity holding the information.

28.     Plaintiff's sensitive information including at least his first name, last name, date of birth and prescription information was accessed by unauthorized entities and/or individuals on or about February 6, 2021.  The Walmart Defendants had a duty to timely notify Plaintiff  the unauthorized access occurred. Plaintiff did not receive timely notice of the breach.

29.     The breach occurred on or about February 6, 2021.  The Walmart Defendants' vendor determined that Plaintiff's sensitive information was involved in the breach on March 19, 2021.  The Walmart Defendants were notified of the breach by their vendor on April 7, 2021.  No notice was mailed to Plaintiff until May 5, 2021.  The Notice of the breach fails to provide important information Plaintiff needs to understand who has his sensitive information, and what actions have been taken to prevent further access, disclosure and breach of his sensitive information.

30.     The Walmart Defendants placed their own interests, profits and needs before Plaintiff's interests in failing to prevent and then failing to respond, investigate, and report the breach.

31.     The Walmart Defendants designed and implemented their policies and procedures regarding the security of protected health information and Sensitive Information. These policies and procedures failed to adhere to reasonable and best industry practices in safeguarding protected health information and other Sensitive Information.  Further, Defendants failed to ensure proper security on computer servers or other storage devices or software to protect the Plaintiff's Sensitive Information.

32.     Willard Bays' most intimate, private, and personal medical records were breached due to the Defendant's above described failures and Plaintiff has suffered significant loss, injury and damages.

33.     As a result of Defendants' failure to follow contractually agreed upon, legally

required, industry-standard security procedures, Plaintiff received only diminished value of the

services which the Defendants provided.  Plaintiff contracted for services that included a

guarantee by Defendants to safeguard his personal and Sensitive Information.  Instead, Plaintiff

received services devoid of these very important protections.  Accordingly, the Plaintiff seeks

claims for breach of contract, breach of implied contract, unjust enrichment, negligence,

vioaltion of privacy, and breach of confidentiality, and violation of the West Virginia Consumer

and Protection Credit Act.

34.     Defendants are responsible and liable for the disclosure of Plaintiff's sensitive

information to unauthorized entities and/or individuals.

35.     The Plaintiff, Willard Bays, brings this suit on behalf of himself and all other

persons who were similarly situated related to a breach of security and disclosure of sensitive

information to unauthorized third parties by Defendants.

36.     The Plaintiff brings this action and further seeks certification on behalf of himself

and the putative class members she seeks to represent under West Virginia Rule of Civil

Procedure, Rule 23(b)(3), the class is defined as follows:

> **All West Virginia persons whose sensitive information in the possession of**
> **Defendants was compromised as a result of a security breach which**
> **occurred on or around February 6, 2021.**

37.     This action is properly brought as a class action for the following reasons:

a.      The class is numerous and includes a significant number of patients living

in and around West Virginia.  Joining each class member as a co-plaintiff would be unreasonable

and impracticable.

9

b.      There are common questions of law and of fact to the members of the class that predominate over any individual questions affecting individual class members.  The theories of liability and questions of Defendants' wrongful conduct related to the security breach apply to all class members.  Plaintiff requests common theories of liability against the Defendants which are common to the class as a whole and do not turn on any particular aspect of an individual class member's situation. Defendants acted in a manner that affected all putative class members similarly.

c.      The claims asserted by Plaintiff are typical of the members of the class.

d.      The Plaintiff will fairly and adequately protect the interests of the members of the class.  The interests of the members of the class are coincident with and not antagonistic to Plaintiff.  Further, Plaintiff is represented by experienced class action counsel with adequate resources to prosecute the case.

e.      This class action is an appropriate method of the fair and efficient adjudication of this controversy because:

i.      There is no special interest by class members in individually controlling the prosecution of separate actions;

ii.      When Defendants' liability has been adjudicated, claims of all class members can be administered efficiently under the direction of/or as determined by the Court;

iii.      This action will promote an orderly and expeditious administration and adjudication of the class claims, economies of time, effort, and resources will be fostered, and uniformity of decisions will be insured;

iv.      Without a class action, Plaintiff and the class will suffer damages and Defendants' violations of law will proceed without remedy while Defendants reap and retain the substantial proceeds of its misleading and wrongful conduct; and

v.       There will be no insurmountable difficulty in the management of this lawsuit as a class action.

vi.      The conduct of this action conserves the resources of the parties and the court system, protects the rights of each member of the class, and meets all due process requirements.

vii.     Certification of the class with respect to particular common factual and legal issues concerning liability, as well as the necessary and appropriate quantum of punitive damages, or ratio of punitive damages to actual harm, is appropriate under West Virginia Rule of Civil Procedure 23(c)(4).

viii.    The particular common issues of liability, damages, and the quantum of punitive damages or ratio of punitive damages to actual harm, are common to all Class Members.

38.    The liability arising from Defendants' conduct may be tried on a class-wide basis, as the trial will focus upon only common questions applicable to the entire class.

## COUNT I

## <u>BREACH OF THE DUTY OF CONFIDENTIALITY</u>

39.    Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

40.     The law recognizes an individual's right to privacy with respect to medical records, and recognizes that fundamental to the privacy of medical information is the ability to control its circulation.  A fiduciary relationship exists between healthcare providers and their patients.  Patients have a legal interest in having their medical information kept confidential and that legal interest is concrete, particularized and actual.

41.     Defendants owed the Plaintiff a duty of confidentiality pursuant to the terms of its legal and fiduciary relationship with Plaintiff as a health care provider and entity storing and maintaining health care and private sensitive information. The duty to the Plainitff cannot be contracted away.

42.     Included in this duty owed by Defendants is one of undivided secrecy and loyalty to Plaintiff as a patient and protector of health care information. This duty is critical to encourage the free exchange of information between patients and their healthcare providers.

43.     The minimum standard of care imposed on Defendants in maintaining the confidentiality of Plaintiff's sensitive information is expressed in Defendants' own Notice of Privacy Practices, Patient Bill of Rights, Defendants' own policies and procedures, multiple state and federal statutes, regulations, standard industry practice, and judicial decisions of the State of West Virginia.

44.     The Defendants breached its duty to the Plaintiff through the unauthorized disclosure, breach, and/or publication of personal and private information to its vendor and through its vendor's breach to unauthorized entities and/or individuals.  The Defendants further failed to ensure its vendor would render Plaintiff's sensitive information unusable, unreadable, or indecipherable to unauthorized individuals through an

approved, tested and recognized encryption process.  Thus, Defendants violated the Plaintiff's right to have this information kept confidential.

45.     Such a violation breaches the trust that represents the core of the fiduciary relationship between Plaintiff as a patient and Defendants as healthcare provider, and entity storing and maintaining health care information.

46.     As a direct and proximate result of Defendants' breach of the duty of confidentiality, Plaintiff and all others similarly situated have suffered damages and breach of the confidential physician-patient relationship.

47.     Defendants' actions were committed willfully, wantonly, and with reckless indifference to the rights of others, including Plaintiff and all others similarly situated.

48.     As a direct and proximate result of Defendants' willful, wanton, and reckless conduct, Plaintiff and all others similarly situated are entitled to compensatory and punitive damages and hereby demand the same.

## COUNT II

## UNJUST ENRICHMENT

49.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

50.     Defendants received payment to perform services that included protecting Plaintiff's Sensitive Information.  Defendants collected substantial revenues through dispensing fees, inventory coverage payments, percent of drug cost and other fees provided for in their Pharmacy Service Agreement as part of the program under which it obtained Plaintiff's sensitive information and the sensitive information of all others Plaintiff seeks to represent.  Pursuant to

that program, Defendants were obligated to keep the sensitive information they obtained

confidential and protected.

51.     Defendants did not protect Plaintiff's highly sensitive information but retained

payments for services to Plaintiff and substantial income from the program.

52.     Defendants have knowledge of said benefit.

53.     Defendants have been unjustly enriched and it would be inequitable for Defendant

to retain payments for services to Plaintiff and the substantial income from the program.

54.     As a direct and proximate result, Plaintiff and all others similarly situated have

been harmed and/or injured.

55.     The law recognizes that if benefits have been received and retained under

circumstances that it would be inequitable and unconscionable to permit the party receiving them

to avoid payment therefore, the law requires the party receiving the benefits to pay their

reasonable value.    The right to recover for unjust enrichment is based on the principles of

equity.

56.     Defendants have received substantial revenue under the Program it has been

permitted to participate in under the condition that it have an ongoing quality improvement

system that includes clinical services and management, and that maintains the confidentiality of

patient records.  Because Defendants have failed to comply with the provisions of the Program

and its Pharmacy Services Agreement, Plaintiff and all similarly situated have a right to recover

for Defendants' unjust enrichment based upon principles of equity.


**COUNT III**

**BREACH OF CONTRACT (express and implied)**

57.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

58.     Plaintiff is a patient of the Walmart Defendants.  Defendants collect and maintain possession, custody, and control of Plaintiff's medical, pharmacy, financial, and sensitive information in the regular course of business.  West Virginia law recognizes the health care treatment relationship involves provision of care pursuant to a contract, express or implied.

59.     Defendants issued Walmart's Notice of Privacy Practices and Patient Bill of Rights as part of its contractual relationship with Plaintiff.  Defendant engaged in the same procedure with all patients Plaintiff seeks to represent.

60.     Defendants' Notice of Privacy Practices specifically contracted to and informed Plaintiff that as part of the "Patient Bill of Rights" Walmart has the responsibility to ensure:  "12.  Confidentiality and privacy of all information contained in the client/patient record and of Protected Health Information".  Defendants further promised and contracted: "Walmart engages in appropriate, reasonable and industry-standard security practices to help ensure that personal information is not subject to loss or unauthorized access, alteration, acquisition, use, modification, destruction or disclosure." Defendants also contracted: "We understand that your medical information is personal and we are committed to protecting it.  We are required by law to maintain the privacy of your protected health information ("PHI"), to give you this Notice of our legal duties and privacy practices concerning your PHI, and to report to you any security breach involving your unsecured PHI.  We must follow the terms of this current Notice."

61.     Defendants were legally and contractually obligated to protect Plaintiff's health information and sensitive information as a condition of conducting business and engaging in their contractual relationships with regard to the services provided to Plaintiff.

62.     Defendants promised and contracted to only disclose health information when required to do so by law or with express consent by Plaintiff.  Defendants further contracted and promised to protect Plaintiff's Sensitive Information.

63.     Defendants promised to comply with all legal standards and to make sure that Plaintiff's health information and sensitive information were protected.

64.     Defendants' promises to comply with all legal standards and to make sure that Plaintiff's health information and sensitive information were protected created an express contract.

65.     To the extent that it was not expressed, an implied contract was created whereby Defendants promised to safeguard Plaintiff's health information and sensitive information from being accessed, copied, and transferred by unauthorized third parties.

66.     Under the contract, Defendants were further obligated to provide Plaintiff and those similarly situated with prompt and sufficient Notice of any and all unauthorized access and/or theft of their Sensitive Information.

67.     Plaintiff reasonably relied upon the promise by Defendants to protect his sensitive information and medical records and all the terms of the Notice of Privacy and Patient Bill of Rights in agreeing to health care services by Defendants.

68.     Defendants violated the terms of its contract.

69.     Defendants did not safeguard Plaintiff's health information and sensitive information and, therefore, breached its contract with Plaintiff.

70.     Defendants allowed a third party without a business need to access Plaintiff's health information and sensitive information and, therefore, breached its contract with Plaintiff.

16

71.     Furthermore, Defendants' failure to satisfy their confidentiality and privacy obligations resulted in Defendants providing services to Plaintiff that were of a diminished value.

72.     As a direct and proximate result, Plaintiff and all others similarly situated have been harmed and/or injured.

**COUNT IV**

**<u>NEGLIGENCE</u>**

73.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

74.     Pursuant to the common law of West Virginia, the Defendants owed the Plaintiff a duty of reasonable care in protecting the confidentiality of the personal and private information that Plaintiff provided to Defendants as a patient of a healthcare facility.

75.     The minimum standard of reasonable care imposed on the Defendants is established and defined by multiple statutes, regulations, and judicial decisions of the State of West Virginia.

76.     Defendants knew they were required to render Plaintiff's sensitive information unusable, unreadable, or indecipherable to unauthorized individuals through an approved, tested and recognized encryption process.  Defendants knew they were required to ensure their vendors with whom they shared Plaintiff's sensitive information would render Plaintiff's sensitive information unusable, unreadable, or indecipherable to unauthorized individuals through an approved, tested and recognized encryption process.

77.     Defendants were obligated to use an encryption device and ensure its vendor was utilizing an encryption device to protect Plaintiff's sensitive information while the data was at rest and in motion.

78.     Defendants knew if Plaintiff's sensitive information was not protected by Defendants and its vendors with an encryption device while the data was at rest and in motion and if the sensitive information was not rendered unusable, unreadable, or indecipherable to unauthorized individuals through an approved, tested and recognized encryption process, it was foreseeable Plaintiff's sensitive information could be breached and disclosed to an unauthorized entity and/or individual and Plaintiff would suffer injury and damages.

79.     Defendants knew it had a duty to exercise reasonable care to protect Plaintiff's sensitive information against foreseeable unauthorized disclosure.

80.     Defendants were negligent for failing to exercise reasonable care to prevent the unauthorized disclosure and access of Plaintiff's sensitive information.

81.     Defendants were negligent for sharing Plaintiff's sensitive information with its vendor, Capture RX because Defendants knew or should have known Capture RX was underfunded, underinsured and did not provide standard industry and legally required cybersecurity to render Plaintiff's sensitive information unusable, unreadable, or indecipherable to unauthorized individuals through an approved, tested and recognized encryption process while at rest and in motion.

82.     Defendants failed to timely inform Plaintiff of the breach and violation of privacy.  Defendants knew of the breach and violation and took multiple actions to protect themselves and their own interests before protecting Plaintiff's interests or timely informing Plaintiff of the breach and invasion of privacy.  Even when Defendants finally disclosed the breach and invasion to Plaintiff, Defendants failed to provide Plaintiff will all the important information needed to take all actions necessary to protect his interests and respond to the invasion and breach.  Defendants have negligently, willfully, and

recklessly withheld important information from the disclosure made to Plaintiff.

83.     As a direct and proximate result of the Defendants' negligence, the Plaintiff and all others similarly situated have suffered damages, some of which are articulated throughout this Complaint.

84.     Defendants' actions rose to the level beyond negligence and were committed willfully, wantonly, and with reckless indifference to the rights of others, including Plaintiff and all others similarly situated.

85.     As a direct and proximate result of Defendants' negligent, willful, wanton, and reckless conduct, Plaintiff and all others similarly situated are entitled to compensatory and punitive damages and hereby demand the same.

## COUNT V

## <u>INVASION OF PRIVACY</u>

86.     Plaintiff adopts and re-alleges all paragraphs set forth hereinabove as is fully set out herein.

87.     The law recognizes that patients have a legal interest in having their medical information kept confidential.  The legal interest is concrete, particularized and actual.

88.     Defendants were Plaintiff's healthcare provider and Defendants obtained Plaintiff's sensitive information within the context and parameters of the healthcare provider-patient relationship.

89.     Defendants had a legal, fiduciary, industry standard, and contractual obligation to protect Plaintiff's sensitive information and maintain the privacy and confidentiality of Plaintiff's medical information.  Defendants had a legal, fiduciary, industry standard, and contractual

obligation to ensure their vendors would protect Plaintiff's sensitive information and maintain the privacy and confidentiality of Plaintiff's medical information before Plaintiff's information was shared with the vendor.

90.     Defendants wrongfully shared Plaintiff's health information with Capture RX, without performing a due diligence review of its vendor and without obtaining authorization from Plaintiff.  As a result, Plaintiff suffered an unreasonable intrusion upon his seclusion and invasion of his privacy interest in his medical records, including prescription information.

91.     By disclosing Plaintiff's personal and sensitive medical information, the Defendants committed the tort of invasion of privacy.

92.     By failing to protect confidential medical records from unauthorized disclosure, the Defendants committed the tort of invasion of privacy.

93.     Defendants invaded Plaintiff's privacy by, *inter alia*, unlawfully breaching and failing to reasonably protect Plaintiff's personal and highly Sensitive Information from reasonably foreseeable breach and invasion.

94.     The law recognizes that where invasion of privacy is established, a plaintiff is entitled to damages.

95.     Defendants further invaded Plaintiff's privacy and extended the risks, damages and injuries to Plaintiff by failing to timely and fully disclose the breach and invasion of Plaintiff's privacy and failing to provide Plaintiff all the important information Plaintiff needs to know about the privacy and invasion.

96.   As a proximate result, Plaintiff and all others similarly situated have been harmed and/or injured.

**WHEREFORE,** Plaintiff prays to this Court for the following relief for himself and

those similarly situated against the Defendants:

A.    Class certification pursuant to Rule 23 of the *Federal Rules of Civil Procedure*.

B.    Find that Defendants are liable under all legal claims asserted herein for their failure to safeguard Plaintiff's and others similarly situateds' Sensitive Information;

C.    Equitable relief as is necessary to protect Willard Bays' and others similarly situateds' interests, including: (i) an order providing consumer credit protection and monitoring services for Plaintiff; (ii) maintenance of consumer credit insurance to provide coverage for unauthorized use of Plaintiff's personal information, medical information, and financial information; (iii) relief requiring that Defendant establish a specific device encryption security program to protect against the unauthorized disclosure of confidential information of its patients;

D.    Monetary damages in a sufficient amount to provide, to the furthest extent possible, adequate credit and identity protection and monitoring for an extended period of years, the length of which can be determined at trial;

E.    Plaintiff demands judgment against Defendants, jointly and severally, for compensatory and/or punitive damages, the sum to be determined by a jury, which will fairly and adequately compensate Plaintiff and others similarly situated for the above-

21

described damages and injuries, together with interest from the date of the incident and the costs of the proceeding, including attorney's fees;

F.   Monetary damages for the substantial annoyance, embarrassment and emotional distress suffered thus far, and that will inevitably continue to suffer as a result of the Defendants' actions, in amount to be determined at trial;

G.   Monetary damages to compensate for the permanent lack of security and loss of privacy that they have experienced to date and will continue to suffer in the future as a result of the Defendants' offensive conduct, in amount to be determined at trial;

H.   Award restitution for any identity theft, including, but not limited to payment of any other costs, including attorneys' fees incurred by the victim in clearing the victim's credit history or credit rating, or any costs incurred in connection with any civil or administrative proceeding to satisfy any debt, lien, or other obligation of the victim arising as the result of Defendants' actions;

I.   Award restitution in an amount to be determined by an accounting of the difference between the price Plaintiff paid in reliance upon Defendants' duty/promise to secure its members' sensitive information, and the actual services – devoid of proper protection mechanisms – rendered by Defendants;

J.      Prejudgment and post-judgment interest on all damages,

as provided by applicable law;

K.      Award Plaintiff his reasonable litigation expenses and attorneys'

fees; and

L.      Such other and further relief as this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**Willard Bays**

**By Counsel**

/s/ William M. Tiano
William M. Tiano, Esquire (#4308)
Tony L. O'Dell, Esquire (#5770)
Cheryl A. Fisher, Esquire (#6379)
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV  25339
(304) 720-6700
wtiano@tolawfirm.com
*Counsel for Plaintiffs*