IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| WILLARD BAYS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALMART INC., a Delaware corporation, WAL-MART STORES EAST, LP, a Delaware corporation,<br><br>Defendants. | Case No. 3:21-cv-00460<br>Hon. Robert C. Chambers |

## DEFENDANTS WALMART INC. AND WAL-MART STORES EAST, LP'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

### I. INTRODUCTION

Plaintiff Willard Bays' Amended Complaint, ECF No. 43 ("Am. Compl." or the "Amended Complaint"), is his second attempt to try to state a claim against Defendants Walmart Inc. and Wal-Mart Stores East, LP (collectively, "Walmart") for a data breach (the "CaptureRX Breach") sustained by an entirely separate company—NEC Networks, LLC d/b/a CaptureRX ("CaptureRX")[1]. The Amended Complaint includes some new allegations, but it does not cure the defects Walmart identified in its original motion to dismiss. Plaintiff cannot escape the fact that

---

[1] Plaintiff voluntarily dismissed his claims against CaptureRX on September 22, 2021. *See* ECF No. 18.

1

he still cannot (and does not) allege that Walmart's systems were compromised or that Walmart controlled CaptureRX's data security.

Plaintiff seeks to impose sweeping liability on Walmart for the CaptureRX Breach. To do so, Plaintiff asks this Court to expand state law to recognize novel claims. The Court should reject Plaintiff's invitation and dismiss Plaintiff's Amended Complaint with prejudice because:

- The claim for breach of the duty of confidentiality fails because Walmart did not improperly disclose any of Plaintiff's information (a necessary element of the claim), and no West Virginia court has found such a claim viable under circumstances like these.

- The unjust enrichment claim fails because Plaintiff does not plausibly allege that he conferred any benefit on Walmart in exchange for data security. And without any benefit conferred, Walmart has not been unjustly enriched.

- The breach of contract claim should be dismissed because, among other reasons, Plaintiff does not plead any facts making it plausible that he and Walmart reached a meeting of the minds as to the material terms of any contract relating to data security or to notice obligations in the event of a data breach.

- The negligence claim fails because there is no common law duty to safeguard data from a criminal theft or to provide notice of a data breach under West Virginia law. Because there is no common law duty, there is no negligence.

- The claim for invasion of privacy fails because it is an intentional tort, and Plaintiff does not plausibly allege Walmart committed an *intentional* intrusion upon Plaintiff's seclusion. Indeed, the entire Amended Complaint is grounded in negligence (i.e., an alleged failure to safeguard information).

For each of these reasons and the additional reasons set forth below, the Court should dismiss the Amended Complaint in its entirety and with prejudice.

## II.   AMENDED COMPLAINT ALLEGATIONS[2]

Plaintiff alleges he provided Walmart with "sensitive personal information" – defined as "full name, Social Security Number, date of birth, home address, account number, insurance information, extremely sensitive medical diagnoses, medication records including type of dosage, treatment records, private treatment information, diagnosis codes, and other legally protected information" – and that Walmart shared his information with a vendor, CaptureRX. Am. Compl. ¶¶ 4-6. CaptureRX, in turn, provided "administration services" including "electronic claims capture" and "claim payment" services to Walmart. *Id.* ¶ 15. Plaintiff further alleges that his "sensitive information" "was accessed by unauthorized [individuals] on or about February 6, 2021," and that he was subsequently sent a written notice of the breach on May 5, 2021. *Id.* ¶¶ 28-29; *see id.* ¶ 6; Exhibit A (the "CaptureRX Breach Notice").[3] The CaptureRX Breach involved only Plaintiff's "first name, last name, date of birth, and prescription information"—a small subset of the information Plaintiff alleges he gave to Walmart. Am. Compl. ¶ 28; *see also* Ex. A. Despite citing and relying on the CaptureRX Breach Notice, Plaintiff fails to attach it to the Amended Complaint and omits the fact that it was issued by CaptureRX and makes clear that the breach was

---

[2] Walmart summarizes the Amended Complaint's allegations because they must be taken as true for purposes of this Motion to Dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Walmart does not concede the veracity of the Amended Complaint's allegations.

[3] The Court may consider the CaptureRX Breach Notice because Plaintiff relies on it for the basis of his claims (indeed, he challenges the timing and adequacy of the CaptureRX Breach Notice itself), and there can be no dispute of its authenticity. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity"). Indeed, Plaintiff attached the CaptureRX Breach Notice to his previous Response to Walmart's Motion to Dismiss the Complaint. ECF No. 37 & 37-1.

3

of CaptureRX's systems, not Walmart's. Plaintiff does not and cannot allege Walmart's systems were breached. *See* Ex. A. Rather, Plaintiff relies on a theory that Walmart should have—and failed to—safeguard Plaintiff's information that was stored on CaptureRX's systems. *See, e.g., id.* ¶¶ 14, 19-20, 25, 44, 81.

Plaintiff asserts claims for breach of the duty of confidentiality, unjust enrichment, breach of contract (express and implied), negligence, and invasion of privacy,[4] but fails to allege that his information has been misused as a result of the CaptureRX Breach. Plaintiff does not allege, for instance, that he has suffered identity theft, medical fraud, or that he has incurred unauthorized or fraudulent charges, much less that any of those "harms" are a result of Walmart's conduct. Instead, Plaintiff makes the conclusory allegation that he has "suffered significant loss, injury, and damages" and "been harmed and/or injured." Am. Compl. ¶¶ 32, 54, 72, 96.

### III. STANDARD OF REVIEW

The Rule 12(b)(6) pleading standard requires Plaintiff "to raise [his] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Amended Complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Claims have "facial plausibility" sufficient to survive a motion to dismiss only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff has not satisfied his burden of pleading facts stating a plausible claim for relief against Walmart and, as a result, his Amended Complaint should be dismissed in its entirety.

---

[4] In one paragraph, Plaintiff makes a passing reference to the "West Virginia Consumer and Protection Credit Act." Am. Compl. ¶ 33. Plaintiff does not, however, include the claim as one of his enumerated counts or otherwise provide any factual allegations to support such a claim. Accordingly, to the extent Plaintiff is attempting to assert this statutory claim, it too should be dismissed.

4

## IV. ARGUMENT AND CITATIONS TO AUTHORITY

### A. Plaintiff's Breach of the Duty of Confidentiality Claim Fails (Count I).

Plaintiff's claim for breach of the duty of confidentiality is legally untenable. To the extent West Virginia has recognized this cause of action, it has done so where medical providers improperly disclose confidential information. *See, e.g.*, *Mays v. Marshall Univ. Bd. of Governors*, 2015 WL 6181508, at *4 (W. Va. Oct. 20, 2015) (recognizing a "cause of action for the breach of the duty of confidentiality against a treating physician who wrongfully divulges confidential information"); *Tabata v. Charleston Area Med. Ctr., Inc.*, 233 W. Va. 512 (2014) (addressing a breach of confidentiality claim when a medical center accidentally put the personal information of thousands of patients on a website operated by the medical center). Here, Plaintiff claims that Walmart disclosed his information in two instances. First, Plaintiff alleges that the theft of his information from CaptureRX in the CaptureRX Breach is a disclosure by Walmart. *See* Am. Compl. ¶ 44 (alleging that Walmart disclosed his information "through its vendor's [CaptureRX's] breach"). Second, Plaintiff alleges that Walmart improperly disclosed his information by providing it to CaptureRX. *See id.* As set forth below, neither alleged disclosure states a viable claim for breach of the duty of confidentiality. Indeed, no West Virginia court has found such a claim viable under circumstances like these.

To start, Plaintiff's allegation that the CaptureRX Breach is a disclosure by Walmart misses the mark entirely. *See* Am. Compl. ¶ 44. Simply put, Plaintiff does not plausibly allege *Walmart* improperly disclosed or divulged his information. Nor could he—the entire crux of the Amended Complaint is that a third party stole Plaintiff's information *from* CaptureRX. *See* Am. Compl. ¶¶ 29, 44. No West Virginia court has ever recognized a claim for breach of confidentiality under these circumstances. In fact, courts routinely dismiss nearly identical breach of confidence claims

5

in data breach cases even where they are asserted against the breached entity because the information was stolen by a third-party, not disclosed by the defendant. *See Desue v. 20/20 Eye Care Network, Inc.*, 2022 WL 796367, at *9 (S.D. Fla. Mar. 15, 2022) (dismissing breach of confidence claim on the grounds that "Plaintiffs' allegations surrounding disclosure stem from the failing of technology, not from any affirmative act of disclosure"); *In re Brinker Data Incident Litig.*, 2020 WL 691848, at *22 (M.D. Fla. Jan. 27, 2020) (dismissing breach of confidence claim in data breach case because there was no "disclosure": "[defendant] did not do any act that made Plaintiffs' information known—the information was stolen by third-parties"); *Foster v. Health Recovery Servs.*, 493 F. Supp. 3d 622, 626 (S.D. Ohio 2020) (dismissing breach of confidence claim in data breach case because the information was not disclosed by the defendant but rather accessed by an unauthorized third party); *Farmer v. Humana, Inc.*, 2022 WL 732126, at *7 (M.D. Fla. Jan. 25, 2022) (dismissing breach of confidence claim because plaintiff did not allege that defendants disclosed plaintiff's information to a third party); *In re Ambry Genetics Data Breach Litig.*, – F. Supp. 3d –, 2021 WL 4891610, at *8 (C.D. Cal. Oct. 18, 2021) (same); *Purvis v. Aveanna Healthcare, LLC*, 2021 WL 5230753, at *12 (N.D. Ga. Sept. 27, 2021) (same); *Allgood v. PaperlessPay Corp.*, 2022 WL 846070, at *12 (M.D. Fla. Mar. 22, 2022) (same).

Perhaps recognizing the speciousness of the theory that the CaptureRX Breach constitutes a disclosure by Walmart, Plaintiff also alleges Walmart breached a duty of confidentiality by providing his information to CaptureRX. *See* Am. Compl. ¶ 44. According to Plaintiff, this was an "unauthorized disclosure." *Id.* But this allegation does not come close to stating a plausible claim for relief because it is nothing more than an unadorned legal conclusion, not a fact. *See Twombly*, 550 U.S. at 555 (concluding that mere "labels and conclusions" are insufficient to state a claim). On top of that, Walmart's Notice of Privacy Practices—which Plaintiff relies upon

6

extensively—states that Walmart may disclose a patient's information "for payment," which includes "to entities that help us submit bills and collect amounts owed." Exhibit B (the "Notice of Privacy Practices").[5] Plaintiff alleges that CaptureRX provided those types of services for Walmart. *See* Am. Compl. ¶¶ 6, 15 (alleging that CaptureRX was a vendor of Walmart's engaged in "administration services which included electronic claims capture" and "claim payment"). Under the very Notice of Privacy Practices Plaintiff relies upon, Walmart is *authorized* to provide his information to CaptureRX. As a result, Plaintiff's allegations make it *implausible* that Walmart breached a duty of confidentiality by providing his information to CaptureRX.

For these reasons, Plaintiff does not state a viable claim for breach of the duty of confidentiality, and the Court should dismiss Count I with prejudice.

### B.  Plaintiff's Unjust Enrichment Claim Fails (Count II).

The unjust enrichment claim should also be dismissed. To state a claim for unjust enrichment, a plaintiff must allege facts plausibly alleging each of the following elements:

> (1) a benefit conferred on the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of such benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value.

*Scheeser, Buckley, Mayfield, Inc. v. HDMR Grp., Inc.*, 2006 WL 8438803, at *3 (S.D.W. Va. Dec. 11, 2006); *see also Barker v. Naik*, 2018 WL 3824376, at *5 (S.D.W. Va. Aug. 10, 2018).

---

[5] The Court may consider the Notice of Privacy Practices because Plaintiff cites it repeatedly as the basis of his claims, *see* Am. Compl. ¶¶ 10-11, 21, 43, 59-60, 67, and there can be no dispute of its authenticity. *See Goines*, 822 F.3d at 166 (a court "may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity").

Here, Plaintiff does not allege any facts that he made any payment to Walmart or conferred any benefit—monetary or otherwise—on Walmart. *See* Am. Compl. ¶¶ 49-56. For this reason alone, Plaintiff's unjust enrichment claim should be dismissed.

Count II should also be dismissed because Plaintiff does not plausibly allege that Walmart was unjustly enriched. Plaintiff alleges that Walmart provided him with healthcare services and that Walmart collected "substantial revenues through dispensing fees, inventory coverage payments, percent of drug cost and other fees," which were paid by a third-party payor program (not by Plaintiff). Am. Compl. ¶ 50. Plaintiff does not allege that Walmart failed to provide healthcare services, that those services were deficient, or that he received anything other than the exact services he requested. Nonetheless, Plaintiff attempts to manufacture an unjust enrichment claim by alleging that Walmart "received payment to perform services that included protecting Plaintiff's Sensitive Information." *Id.*; *see id.* ¶ 8. But these are "labels and conclusions"—the Amended Complaint is devoid of facts making it plausible that any portion of these payments were earmarked for data security, much less for the security of CaptureRX's systems. *Iqbal*, 556 U.S. at 678 (concluding that allegations "supported by mere conclusory statements" do not state a claim). Without those facts, it is not plausible that Walmart accepted or retained a "benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Barker*, 2018 WL 3824376, at *5; *Employer Teamsters – Local Nos. 175/505 Health & Welfare Tr. Fund v. Bristol Myers Squibb Co.*, 969 F. Supp. 2d 463, 472 (S.D.W. Va. 2013) (Chambers, J.) (dismissing unjust enrichment claim for a failure to plausibly state how a benefit was unjustly retained). Indeed, courts routinely dismiss unjust enrichment claims in data breach cases for this reason, and this Court should do the same. *See Brush v. Miami Beach Healthcare Grp., Ltd.*, 238 F. Supp. 3d 1359, 1369 (S.D. Fla. 2017) (granting motion to dismiss unjust

enrichment claim premised on the theory that a portion of the money the plaintiff paid for medical treatment to the defendant was for data security because the plaintiff did not plead any facts whatsoever that she "conferred payment . . . above and beyond the money owed for her medical treatment"); *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1072 (C.D. Ill. 2016) (dismissing unjust enrichment claim because "[plaintiff] paid for food products. She did not pay for a side order of data security and protection"); *Gordon v. Chipotle Mexican Grill, Inc.*, 344 F. Supp. 3d 1231, 1249 (D. Colo. 2018) ("It is undisputed that Plaintiffs received the food services for which they paid. Defendant was therefore not unjustly enriched by retaining Plaintiffs' payments."); *In re SuperValu, Inc., Customer Data Sec. Breach Litig.*, 2018 WL 1189327, at *16–17 (D. Minn. Mar. 7, 2018) (same), *aff'd* sub nom., *In re SuperValu, Inc.*, 925 F.3d 955 (8th Cir. 2019); *Stephens v. Availity*, 2019 WL 13041330, *6 (M.D. Fla. Oct. 1, 2019), ECF No. 32 at 13 (same); *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 912 (8th Cir. 2016) (rejecting unjust enrichment theory where plaintiff did not allege a benefit conferred in exchange for protection of his personally identifiable information).

Accordingly, for the reasons above, Plaintiff does not state a viable unjust enrichment claim, and the Court should therefore dismiss Count II with prejudice.

C.  **Plaintiff's Breach of Contract Claim Fails (Count III).**

The breach of contract claim—regardless of whether express or implied—also falls flat and should be dismissed. Here, Plaintiff appears to allege that Walmart's Notice of Privacy Practices and Notice of Patient Bill of Rights formed an express contract to safeguard his information and to provide notice in the event of a breach. Am. Compl. ¶¶ 10-12, 21, 59-60, 66-67. Plaintiff's express contract claim fails because he does not allege that he saw, read, or was aware of the Notices **before** he provided his information to Walmart. As a result, Plaintiff does not plausibly

allege that there was "mutuality of assent," which is an "essential element of all contracts." *Bailey v. Sewell Coal Co.*, 190 W. Va. 138, 140-41 (1993); *Hart v. Nat'l Collegiate Athletic Ass'n*, 209 W. Va. 543, 550 (2001) (explaining that "[t]here can be no contract" unless there is a meeting of the minds on the contract's essential terms); *Johnson v. Nat'l Exch. Bank of Wheeling*, 124 W. Va. 157, 160 (1942) (explaining that an implied in fact contract "requires a meeting of the minds, just as much as an express contract"). Moreover, Plaintiff does not allege any consideration or bargained for exchange of value—another essential element of a contract under West Virginia law. *See Hart*, 209 W. Va. at 550. Plaintiff does not allege that he paid Walmart for any services—according to Plaintiff it was paid by an unidentified third-party program (*see, e.g.*, Am. Compl. ¶ 50)—or that he provided any other benefit or value to Walmart. In fact, Count III does not even reference any alleged consideration. *See* Am. Compl. ¶¶ 57-72. Because Plaintiff does not plead any facts making it plausible that there was any consideration, Plaintiff's breach of contract claim fails and should be dismissed.[6]

Plaintiff's attempt to state a claim for breach of an implied contract does not fare any better. Plaintiff alleges that "to the extent it was not expressed, an implied contract was created whereby Defendants promised to safeguard Plaintiff's health information and sensitive information." Am. Compl. ¶ 61. "[J]ust as much as an express contract," an implied-in-fact contract "requires a meeting of the minds." *Johnson v. Nat'l Exch. Bank of Wheeling*, 124 W. Va. 157, 160 (1942). For an implied-in-fact contract, this meeting of the minds can be inferred "from [the] conduct of the parties showing . . . their tacit understanding." *Id.* Once again, Plaintiff does not allege any facts making it plausible that he reached a "meeting of the minds" with Walmart concerning data

---

[6] Plaintiff's failure to allege consideration is a fatal defect that requires dismissal of Plaintiff's breach of contract claim regardless of whether it is pleaded as breach of express or implied contract.

10

security practice or notice obligations. In fact, Plaintiff does not allege *any* facts about any interactions between Walmart and himself, let alone any facts about their conduct that gave rise to an understanding that Walmart would safeguard his information. Courts routinely dismiss claims for breach of implied contract where, as here, a plaintiff does not allege any conduct which would permit the plausible inference that a defendant agreed to safeguard the plaintiff's information. *See Brush v. Miami Beach Healthcare Grp, Ltd.,* 238 F. Supp. 3d 1359, 1369 (S.D. Fla. 2017) (dismissing implied contract claim because "[n]othing in the . . . Complaint gives rise to a factual inference that the Defendants tacitly agreed to secure her personal data in exchange for remuneration") (Florida law); *Longenecker-Wells v. Benecard Servs.,* 658 F. App'x. 659, 662-63 (3d Cir. 2016) (dismissing breach of implied contract claim in data breach case where plaintiffs "failed to plead any facts supporting their contention that an implied contract arose between the parties") (Pennsylvania law); *Krottner v. Starbucks Corp.,* 406 F. App'x. 129, 131 (9th Cir. 2010) (same) (Washington law).[7] This Court should follow the well-established reasoning of these other courts and dismiss Count III with prejudice.

### D. Plaintiff's Negligence Claim Fails (Count IV).

To state a negligence claim under West Virginia law, "a plaintiff is required to show four basic elements: duty, breach, causation, and damages. The plaintiff must prove that the defendant owed the plaintiff some duty of care; that by some act or omission the defendant breached that

---

[7] Plaintiff also alleges that Walmart breached its purported duty to safeguard Plaintiff's information when it "allowed a third party without a business need to access Plaintiff's" information. Am. Compl. ¶ 70. Plaintiff does not identify the third party to whom Walmart allegedly disclosed information, but to the extent that Plaintiff is referring to CaptureRX, this allegation is implausible because under the purported contract, Walmart was authorized to disclose Plaintiff's information to CaptureRX as Walmart's vendor engaged in "administration services which included electronic claims capture" and "claim payment." *See* Section IV.A, *supra*; Ex. B. Plaintiff therefore does not plausibly allege that Walmart breached its purported duty to safeguard Plaintiff's information by sharing Plaintiff's information with CaptureRX.

duty; and that the act or omission proximately caused some injury to the plaintiff that is compensable by damages." *Hersh v. E-T Enters., Ltd. P'ship*, 232 W. Va. 305, 310 (2013), *superseded by statute on other grounds as stated in Tug Valley Pharmacy, LLC v. All Plaintiffs Below in Mingo County*, 235 W. Va. 283, 291 n.12, 773 S.E.2d 627, 635 n.12 (2015). Failure to sufficiently allege any of these elements requires dismissal. Here, Plaintiff does not sufficiently allege either a common law duty or damages, and his negligence claim should be dismissed.

> 1. *Walmart Does Not Owe Plaintiff a Common Law Duty Under These Circumstances.*

Plaintiff's negligence claim is premised on Walmart's alleged breach of a supposed duty to safeguard his information from the CaptureRX Breach, *see* Am. Compl. ¶ 74, but no such common law duty exists. ***No West Virginia court has ever recognized a common law duty to safeguard information in circumstances like these.*** In the absence of any authority imposing such a duty, this Court must "choose the narrower and more reasonable path [that no such duty exists] (at least until the [West Virginia] Supreme Court tells us differently)." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 636 (7th Cir. 2007); *see also City of Phila. v. Beretta U.S.A. Corp.*, 277 F.3d 415, 421 (3d Cir. 2002) ("Federalism concerns require that we permit state courts to decide whether and to what extent they will expand state common law. . . . Our role is to apply the current law of the jurisdiction, and leave it undisturbed.") (internal quotation marks and citation omitted).

That the Court should decline Plaintiff's invitation to adopt a common law duty in these circumstances is bolstered by the fact that the West Virginia Legislature had the opportunity to create a private right of action in data breach cases but did not do so. In 2008, the West Virginia Legislature passed the State's data breach notification statute. *See* W. Va. Code Ann. §§ 46a-2a-101-105. The Legislature could have created a private right of action under that statute or imposed

other avenues for private plaintiffs to recover for purported harm arising out of a data breach. Instead, the statute imposes only notice obligations in the event of a data breach and, with one exception that is inapplicable here, vests exclusive enforcement authority with the State's Attorney General. *See id.* § 46a-2a-104 ("[T]he Attorney General shall have exclusive authority to bring action," with the sole exception for licensed financial institutions, whose primary functional regulator may enforce the statute). The Legislature's decision not to create a private right of action critically undermines Plaintiff's attempt to impose a duty here. Thus, this Court should follow the multiple other courts that have declined to create a common law duty where there is no legislative intent to do so.[8] *See Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 817-18 (7th Cir. 2018); *Pisciotta*, 499 F.3d at 636-37; *In re SuperValu Inc. Customer Data Sec. Breach Litig.*, 2018 WL 1189327, at *14 (D. Minn. Mar. 7, 2018), *aff'd*, 925 F.3d 955 (8th Cir. 2019).

Plaintiff also claims that "Defendants failed to timely inform Plaintiff of the breach and violation of privacy." Am. Compl. ¶ 82. To the extent Plaintiff predicates his negligence claim on an alleged duty to notify, there is no such common law duty. No West Virginia court has ever recognized such a duty, and the federal courts that have considered the question have expressly rejected it. *See, e.g., Amburgy v. Express Scripts, Inc.*, 671 F. Supp. 2d 1046, 1055 (E.D. Mo. 2009) (refusing to recognize a duty to notify where the state legislature granted the state Attorney General exclusive authority to bring claims related to the statutory notice requirements). As noted above, the West Virginia Legislature has enacted a data breach notification regime addressing

---

[8] To the extent Plaintiff relies on unidentified "statutes, regulations, and judicial decisions of the State of West Virginia," this does not give rise to a common law negligence duty here. Am. Compl. ¶ 75. Numerous courts have held that commercial and industry standards do not create a legal duty. *Willingham v. Glob. Payments, Inc.*, 2013 WL 440702, at *19 (N.D. Ga. Feb. 5, 2013); *Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, 2004 WL 359138, at *4 (S.D.N.Y. Feb. 26, 2004); *L.A. Fitness Int'l, LLC v. Mayer*, 980 So. 2d 550, 558 (Fla. Dist. Ct. App. 2008).

notification obligations directly that vests exclusive authority in the State's Attorney General. To recognize a common law duty to notify would not only create a never-before-recognized common law duty, but it would also amount to an end-run around the express will of the Legislature to vest exclusive enforcement authority with the Attorney General, not private plaintiffs.

For the reasons above, the common law duties Plaintiff seeks to impose on Walmart do not exist, and the Court should dismiss Plaintiff's negligence claim for this reason alone.

### 2. *Plaintiff Does Not Allege Cognizable Damages.*

Damages are another essential element of a negligence claim. *See Hersh*, 232 W. Va. at 310. Yet Plaintiff stumbles on this hurdle as well. Nowhere in the Amended Complaint does Plaintiff allege that his information has been misused, that he has suffered identity theft, or that he has suffered any losses as a result of the CaptureRX breach. Instead, Plaintiff attempts to meet his pleading burden by alleging he has "suffered significant loss, injury and damages." Am. Compl. ¶ 32; *see id.* ¶¶ 46, 83 ("As a direct and proximate result of the Defendants' negligence, the Plaintiff and all others similarly situated have suffered damages, some of which are articulated throughout this Complaint."). These are not facts but rather "labels and conclusions"—a literal recitation of an element of a negligence claim, which the Supreme Court has explained does not state a claim for relief. *Twombly*, 550 U.S. at 555. Plaintiff fares no better under a benefit-of-the-bargain or diminished value of services theory of damages. Plaintiff states, without any factual support, that he received services "devoid" of data security. Am. Compl. ¶ 33. But Plaintiff cannot "broadly allege that some indeterminate amount of [his payment] went towards providing data security." *See Attias v. CareFirst, Inc.*, 365 F. Supp. 3d 1, 13 (D.D.C. 2019); *see also In re Cap. One Consumer Data Sec. Breach Litig.*, 488 F. Supp. 3d 374, 405 (E.D. Va. 2020) ("Plaintiffs have failed to allege cognizable damages under their negligence claims based on the benefit of the bargain theory.").

14

Lastly, to the extent Plaintiff alleges that he "suffered damages" as a result of Walmart's supposedly delayed or deficient notice of the CaptureRX Breach, that claim also fails because Plaintiff does not tether the alleged delayed or deficient notice to any damages whatsoever. *See Castillo v. Seagate Tech., LLC*, 2016 WL 9280242, at *5 (N.D. Cal. Sept. 14, 2016) (dismissing claim because plaintiffs have not "pleaded any facts suggesting timelier or more adequate notice would have prevented" alleged injuries); *In re Sony Gaming Networks & Customer Data Sec. Litig.*, 996 F. Supp. 2d 942, 965 (S.D. Cal. 2014) (to survive a motion to dismiss, Plaintiff must plausibly allege that the "untimely disclosure, and not the intrusion itself, resulted in [his] alleged injuries").[9] Because Plaintiff does not adequately allege damages, his negligence claim fails as a matter of law and should be dismissed. *See Beattie v. Nations Credit Fin. Servs. Co.*, 65 F. App'x 893, 899 (4th Cir. 2003) ("Since the [plaintiffs] failed to prove that they suffered any damages . . . the district court properly dismissed the negligence claim."); *Wittenberg v. First Indep. Mortg. Co.*, 2011 WL 1357483, at *12 (N.D.W. Va. Apr. 11, 2011) (dismissing negligence claim for failure to allege harm).[10]

For each of the reasons above, the Court should dismiss Count IV with prejudice.

**E.    Plaintiff's Claim for Invasion of Privacy Fails (Count V).**

---

[9] The Amended Complaint's Prayer for Relief, moreover, does nothing to save Plaintiff's negligence claim from dismissal "because it is recognized, without exception, that the prayer forms no part of the cause of action." *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949). Yet even if considered, it does not adequately allege damages required to state a negligence claim. For instance, Plaintiff seeks to recover for alleged "annoyance, embarrassment and emotional distress." Am. Compl. (Prayer for Relief). But under West Virginia law, absent physical injuries, such emotional injuries are not recoverable in negligence unless the plaintiff alleges "conduct that unreasonably endangers the plaintiff's physical safety or causes the plaintiff to fear for his or her physical safety." *Baldwin v. Wells Fargo Fin. Nat'l Bank*, 2017 WL 63026, at *4 (S.D.W. Va. Jan. 5, 2017). There are no such allegations here.

[10] These arguments apply equally to Plaintiff's claims requiring actual damages to state a claim.

Plaintiff's invasion of privacy claim also fails as a matter of law. West Virginia recognizes four categories of invasion of privacy: "(1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." *Audiology Dist., LLC v. Hawkins*, 2014 WL 3548833, at *4 (N.D.W. Va. July 17, 2014). Plaintiff appears to be pursuing an intrusion upon seclusion theory, but regardless of which theory Plaintiff is traveling under, his invasion of privacy claim fails. Specifically, invasion of privacy is an intentional tort. *See Daniels v. Wayne Cnty.*, 2020 WL 2543298, at *4 (S.D.W. Va. May 19, 2020); *Westfield Ins. Co. v. Matulis*, 421 F. Supp. 3d 331, 342-43 (S.D.W. Va. 2019). As a result, Plaintiff must plausibly allege that Walmart committed an *intentional* intrusion upon Plaintiff's seclusion. *Snuffer v. Great Lakes Educ. Loan Servs., Inc.*, 97 F. Supp. 3d 827, 835-36 (S.D.W. Va. 2015) (stating that West Virginia has adopted "the Restatement (Second) of Torts § 652B for claims of intrusion upon seclusion" which requires an intentional intrusion). Yet Plaintiff does not allege any facts that Walmart intentionally intruded upon Plaintiff's seclusion. As noted above, the crux of Plaintiff's invasion of privacy claim (and the entire lawsuit) is that Walmart failed to safeguard and protect sensitive information, which is a negligence standard. *See* Am. Compl. ¶ 22 ("Defendants failed to take reasonable and adequate actions to protect Plaintiff's sensitive information from reasonably foreseeable invasion of privacy risks."); ¶ 90 (alleging that Defendants "suffered an unreasonable intrusion upon his seclusion" by failing to perform "a due diligence review of its vendor"); ¶¶ 93, 95 (alleging that Defendants invaded Plaintiff's privacy by "failing to reasonably protect Plaintiff's" information and by "failing to timely and fully disclose" the CaptureRX Breach). Tellingly, no West Virginia court has ever recognized an invasion of privacy claim based on a data breach like the one alleged here, and numerous courts across the

country have held that allegations just like the Plaintiff's do not state a claim for invasion of privacy in the data breach context. *See, e.g., Allgood*, 2022 WL 846070, at *12 (dismissing intrusion upon seclusion claim where there were no facts alleged that defendant "intentionally shared or exposed Plaintiffs' information or intentionally caused the Data Breach"); *Purvis v. Aveanna Healthcare, LLC*, 2021 WL 5230753, at *11 (N.D. Ga. Sept. 27, 2021) (dismissing intrusion upon seclusion claim where "the central narrative of Plaintiffs' factual allegations is that Defendant failed to take sufficient precautions" to prevent a breach, not that the defendant "actively participated" in the breach); *Damner v. Facebook Inc.*, 2020 WL 7862706, at *6 (N.D. Cal. Dec. 31, 2020) (dismissing intrusion upon seclusion claim because alleged failure to secure data is not an intentional intrusion by defendant required to state a claim); *Stephens v. Availity, LLC*, 2019 WL 13041330, at *5-6 (M.D. Fla. Oct. 1, 2019) (dismissing invasion of privacy claim arising out of a data breach because the plaintiff failed to allege any intentional act); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016) (dismissing invasion of privacy claim where "Plaintiff fails . . . to allege any facts that would suggest that the data breach was an intentional violation of Plaintiff's and other class members' privacy, as opposed to merely a negligent one."); *Burton v. MAPCO Express, Inc.*, 47 F. Supp. 3d 1279, 1288 (N.D. Ala. 2014) (dismissing invasion of privacy claim because invasion of privacy is an intentional tort and alleged failure to safeguard information "does not morph into an intentional act of divulging [] confidential information"); 62A Am. Jur. 2d Privacy § 97 ("Because invasion of privacy is an intentional tort, an allegation that a business was negligent in permitting the personal information of a customer to be stolen in a data security breach does not support a claim

for invasion of privacy . . . ."). This Court should follow this mountain of authority and dismiss Count V with prejudice.[11]

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6).

Dated: May 31, 2022

/s/ Alexander Macia
Alexander Macia (WV State Bar #6077)
Tai Shadrick Kluemper (WV State Bar #12261)
SPILMAN THOMAS & BATTLE, PLLC
300 Kanawha Boulevard, East (25301)
Post Office Box 273
Charleston, WV 25321-0273
Telephone: (304) 340-3866
Email: amacia@spilmanlaw.com

Kristine McAlister Brown (*pro hac vice*)
Donald Houser (*pro hac vice*)
Shifali Baliga (*pro hac vice*)
ALSTON & BIRD LLP
One Atlantic Center, Suite 4900
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7633
Email: donald.houser@alston.com

*Counsel for Walmart Inc. and Wal-Mart Stores East, LP*

---

[11] Plaintiff also alleges that Plaintiff "suffered an unreasonable intrusion upon his seclusion" when Walmart "wrongfully shared" Plaintiff's information with CaptureRX "without obtaining authorization from Plaintiff." Am. Compl. ¶ 90. For the reasons stated in Section IV.A, *supra*, Plaintiff does not plausibly allege that Walmart improperly or wrongfully disclosed Plaintiff's information to CaptureRX. Accordingly, Plaintiff's allegation is insufficient to state an invasion of privacy claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| WILLARD BAYS, individually and on behalf of all others similarly situated, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WALMART INC., a Delaware corporation, WAL-MART STORES EAST, LP, a Delaware corporation, )<br>)<br>)<br>)<br>)<br>Defendants. )<br>)<br>)<br>)<br>) | Case No. 3:21-cv-00460<br>Hon. Robert C. Chambers |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 31, 2022, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF filing system, which served electronic notice to all parties registered to receive such service.

*/s/Tai Shadrick Kluemper*
Tai Shadrick Kluemper